The STATE of Ohio, Appellant,

v.

SPITZER, Appellee.

[Cite as *State v. Spitzer* (1995), 107 Ohio App.3d 707.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APC05–572.

Decided Dec. 12, 1995.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Jodi M. Finch,* Assistant City Prosecutor, for appellant.

*Judith M. Stevenson,* Franklin County Public Defender, *Thomas Gjostein* and *David L. Strait,* Assistant Public Defenders, for appellee.

HOLMES, Judge.

This is an appeal of the dismissal by the trial court over the prosecutor's objections of domestic violence and assault charges against the defendant-appellee. The facts in brief giving rise to this appeal are as follows. On February 18, 1995, the Columbus Police filed charges of domestic violence in violation of R.C. 2919.25(A) and assault in violation of Columbus City Code 2303.01 against appellee, Michael L. Spitzer. The sworn complaints were made and signed by Carl R. Johnson, a Columbus police officer. The alleged victim and live-in girlfriend of defendant, Kathy White, did not file a complaint.

Appellee was arrested and slated on February 18, 1995. On February 21, 1995, appellee was arraigned and released on personal recognizance. Also, on February 21, 1995, appellee entered a not guilty plea and demand for a jury trial, and waived his right to have his trial within the time provided by law. On February 22, 1995, the case was assigned to a trial judge; notice of a pretrial

scheduled for March 29, 1995 was sent out by the municipal court assignment commissioner on February 27, 1995, to the office of the public defender. Also, on such date, the city prosecutor sent out subpoenas to Carl R. Johnson of the Columbus Police Department and to Kathy White; apparently, neither subpoena was personally served.

On March 29, 1995, the pretrial took place as scheduled. The court identified the following people as present at the hearing: appellee Spitzer, Spitzer's counsel from the public defender's office, and the city prosecutor's representative. However, White (the victim and prosecuting witness) and Johnson (the arresting officer) did not appear. The defense counsel moved to dismiss on the grounds that White had not requested a temporary protection order and was not present at the hearing. The prosecution objected stating that a subpoena had been issued by regular mail to White at her residence address, which was also appellee's residence. The prosecution asked the court to set the trial for a specific date for a jury trial and stated that personal service upon the victim would be attempted. The trial court sustained the motion to dismiss, stating in the record that:

"At this time the charges against you will be dismissed on the motion of your attorney; no prosecuting witness being present at this time. I've marked that this dismissal will be over the prosecuting attorney's [*sic*] objection."

The state of Ohio appeals this dismissal, assigning the following single assignment of error:

"The trial court improperly dismissed the charges of domestic violence and assault on the motion of counsel for appellee at pretrial and over the objection of the prosecutor."

The specific question presented is whether it was proper for the trial court to have dismissed this case upon the motion of defense counsel at the pretrial conference when the prosecutor objected and requested that the matter be scheduled for a jury trial.

Appellant, state of Ohio, argues that the trial court has no inherent power or authority provided by statute or rule to dismiss a case under the present circumstances without the approval of the city prosecutor. Appellee argues that not only the inherent power of the trial court to control its docket permitted this dismissal but, also, Loc.R. 4.07, Criminal Practice, of the Franklin County Municipal Court, would authorize such dismissal.

Loc.R. 4.07 addresses pretrial procedure and provides that, in addition to the prosecutor assigned to the case, trial counsel and the defendant, the arresting officer or the complaining witness must be present at a pretrial conference. The rule, however, further provides that if the court has approved a permanent

representative of the law enforcement agency, then that representative may appear instead of the arresting officer or prosecuting witness. This is conditioned further upon the right of the judge to specifically request the appearance of the arresting officer or the prosecuting witness. However, there is nothing contained within the record here to show that the judge had, prior to the hearing, requested their personal attendance.

The prosecutor has stated in its brief that a permanent representative or liaison for the Columbus Police Department has been approved for the courtroom in which these proceedings took place. However, as pointed out by the appellee, the record does not indicate that the representative was present for this hearing, nor did the judge or the prosecutor direct any questions to a representative. The discussion at the hearing focused on the absence of the prosecuting witness; there was no discussion regarding the arresting officer or a representative.

It is reasonable to conclude that the purpose of Loc.R. 4.07 for requiring the presence of the prosecuting witness, the arresting officer, or the liaison person at pretrial procedures is to facilitate the processing of the case which could, in a given case, include an agreed dismissal of the action after full discussion of the facts in the matter before a trial on the merits. However, we are unable to agree with the appellee's position that when the prosecuting witness, arresting officer and liaison are all absent, the court should be free to resolve the matter by dismissal. Neither Loc.R. 4.07 nor the Criminal Rules give the trial court the power to dismiss over the objections of the prosecutor under the circumstances found in this case. First, the representative of the police department may have, in fact, been in the courtroom or immediately available; the record does not definitely indicate one way or the other. Second, the trial court could have issued a warrant for the immediate appearance of the arresting officer and/or the victim.

While the trial court has a degree of inherent power to maintain the processing of its docket, its authority to dismiss a matter before trial is limited, by both rule and statute, to certain procedures. Crim.R. 48 deals with dismissals and provides as follows:

"(A) Dismissal by the state. The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.

"(B) Dismissal by the court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

Although Crim. 48(A) does not use the term *"nolle prosequi,"* this is, under the rule, as well as previously, the process of a formal entry of record by the

prosecuting attorney by which he declares that he is unwilling to prosecute a case, or some part thereof. R.C. 2941.33 states:

"The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

This statute contemplates that a *nolle prosequi* be sought by the prosecuting attorney, and after review of the basis of such motion, the trial court has the discretion to enter such *nolle prosequi* as of the record. It has been held that a *nolle prosequi* may be entered only with the affirmative consent of the prosecution. *Cleveland v. Mosquito* (1983), 10 Ohio App.3d 239, 10 OBR 334, 461 N.E.2d 924.

We agree that what the trial court did here was not in the mode of a *nolle prosequi* and that such an order is not reflected upon the record. The trial court here dismissed the action on the basis of "no prosecuting witness being present at this time" and marked that "the dismissal will be over the prosecuting attorney's objection." The prosecutor neither having moved for, nor agreed to, such a dismissal, the order was not a *nolle prosequi* in form or in substance.

Trial courts do have the right of dismissal of the case before trial in some other instances, such as pursuant to speedy trial statutes. However, the present case does not present speedy trial concerns. Not only did the defendant sign a written waiver of his right to a speedy trial, but his case came on for pretrial well within the statutory limits for the charges brought against him.

Crim.R. 12(B) is another source of dismissal authority and states:

"Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

"(1) Defenses and objections based on defects in the institution of the prosecution;

"(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)[.]"

However, if the court bases a dismissal upon defects within the indictment, information or complaint, other than failure to show jurisdiction in the court, and such dismissal is over the objection of the state, Crim.R. 48 provides that the court "shall state on the record the findings of fact and reasons for the dismissal." In the instant case, there were no such findings of fact and reasons for the dismissal that had any reference to an alleged shortcoming or illegality of the

complaint filed herein. Therefore, Crim.R. 12(B)(2) could not have been a valid basis of authority for the court's dismissal in this instance.

The only other portion of Crim.R. 12 that conceivably could be claimed as authorizing the trial court's review of this motion to dismiss is Crim.R. 12(B)(1), which refers to "defenses and objections based on defects in the institution of the prosecution." Presuming that Loc.R. 4.07's requirement that the prosecuting witness, arresting officer, or law enforcement representative be present at the pretrial hearing was not met, such violation would not amount to a "defect in the institution of the prosecution" as used in Crim.R. 12(B)(1).

While a trial court should, within the limitations of the applicable rules, expedite the matters before the court, the trial court in this matter acted too expeditiously. As previously stated, no basis for the entry of dismissal other than the fact that the prosecuting witness had not appeared at the pretrial hearing, was shown.

For the above reasons, we hold that the circumstances of the present case did not provide the trial court with discretion to dismiss the case and that the trial court erred in granting the defendant's counsel's motion to dismiss.

Accordingly, we sustain appellant's assignment of error, reverse the judgment of the Franklin County Municipal Court, and remand this action to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

DESHLER, J., concurring.

TYACK, J., concurs separately.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.

TYACK, Judge, concurring separately.

I view the issue in this case more narrowly than the majority. I, therefore, concur separately.

The trial judge dismissed this case over the objection of the prosecution because a witness who was sent a subpoena by ordinary mail did not appear for a pretrial conference. The witness did not file the charges, so she was not the "prosecuting witness" as that term is normally used. The record does not demonstrate that the witness received the subpoena. The record is silent as to the reason for the absence of the witness.

Under the circumstances, the trial court should have reassigned the pretrial or set the case for trial. A dismissal was not appropriate.

A different situation would be presented if an essential witness failed to appear at the scheduled trial. We are not presented with that situation in this case.

Because I believe that the trial court abused its discretion under the facts and circumstances of this case, I concur in the decision to reverse the dismissal and remand the cause for further appropriate proceedings.