OPINION
Plaintiff-appellant, the state of Ohio, appeals the decision of the Franklin County Municipal Court dismissing an assault charge filed against defendant-appellee, Angela C. Lowe. The assault charge was based on a complaint sworn out by Beth Haigler, the assault victim. Appellee pleaded not guilty to the charge and the trial court subsequently scheduled a pre-trial hearing for October 2, 2000.
At the hearing, appellee moved to dismiss the assault charge due to complaining witness Haigler's failure to attend the hearing, as required by Loc.R. 4.07 of the Franklin County Municipal Court. Appellant objected, claiming that the trial court lacked authority to dismiss the charge solely because of the complaining witness' nonappearance. The trial court granted appellee's motion to dismiss, stating, "the charges [sic] against [appellee] will be dismissed, necessary witness not being present pursuant to local rule over the prosecution's objection."
Appellant appeals, raising three assignments of error:
 First Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DISMISSING THE CHARGE OF ASSAULT PURSUANT TO LOCAL RULE 4, OVER THE OBJECTION OF THE PROSECUTION, BASED SOLELY UPON THE NONAPPEARANCE OF THE COMPLAINING WITNESS ON THE PRE-TRIAL DATE.
 Second Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE BY DISMISSING THE CHARGE OF ASSAULT OVER THE OBJECTION OF THE PROSECUTION, BASED SOLELY UPON THE NON-APPEARANCE OF THE VICTIM ON THE PRE-TRIAL DATE IN VIOLATION OF OHIO REVISED CODE SECTION 1901.20(A)(2).
 Third Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE CHARGE AGAINST THE APPELLEE, OVER THE OBJECTION OF THE PROSECUTOR, IN VIOLATION OF CRIMINAL RULE 48(B), WHEN THE COURT FAILED TO FIND EITHER THAT A DEPRIVATION OF DEFENDANT'S CONSTITUTIONAL AND/OR STATU-TORY RIGHTS EXISTED OR THAT THE DISMISSAL SERVED THE INTERESTS OF JUSTICE.
We begin with appellant's second assignment of error. In its second assignment of error, appellant contends that R.C. 1901.20(A)(2) prohibits the trial court from dismissing the assault charge over appellant's objection. We disagree.
R.C. 1901.20(A)(2) prohibits a trial court from dismissing a criminal case solely at the request of the complaining witness if the prosecuting attorney objects to the dismissal. State v. Clipner (Sept. 14, 1999), Franklin App. No. 98AP-1477, unreported; Cleveland v. Hogan (1998),92 Ohio Misc.2d 34, 43.
In its brief, appellant acknowledges that the record does not indicate whether Haigler wanted the trial court to dismiss the assault charge she filed against appellee; however, appellant claims that the uncertainty of Haigler's wishes should have no impact on the applicability of R.C.1901.20(A)(2) to this case. Appellant argues that, if a trial court lacks authority to dismiss charges over the prosecuting attorney's objection when the complaining witness is seeking a dismissal, a trial court undoubtedly lacks authority to dismiss charges when the witness' wishes are unknown.
However, appellant's interpretation of R.C. 1901.20(A)(2) is unsupported by the language of the statute. R.C. 1901.20(A)(2) states:
 A judge of a municipal court does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney * * *.
By using the language "at the request of the complaining witness," the statute indicates its applicability to instances where the complaining witness makes his or her wish for dismissal known to the trial court. See State v. Teamer (1998), 82 Ohio St.3d 490, 491 (noting that "an unambiguous statute means what it says"). As conceded by appellee, Haigler did not inform the trial court of any wish to have the assault charge dismissed.
We further recognize that R.C. 1901.20(A)(2) is part of legislation passed to address situations where a complaining witness' wish to dismiss a case is in conflict with the prosecuting attorney's wish to pursue the case on behalf of the state. See Hogan, at 43. As indicated above, the record here presents no such situation.
As such, we conclude that R.C. 1901.20(A)(2) does not apply to the trial court's decision to dismiss the assault charge. Accordingly, we overrule appellant's second assignment of error.
Because they concern similar issues, we will address appellant's first and third assignments of error together. Appellant's first and third assignments of error concern whether the trial court had authority to dismiss the assault charge under Loc.R. 4.07 and whether the trial court complied with Crim.R. 48(B) when ordering the dismissal.
As noted above, the trial court dismissed the assault charge filed against appellee because the complaining witness failed to attend the pre-trial hearing as required by Loc.R. 4.07. Crim.R. 48(B) governs a trial court's decision to dismiss a case over the prosecuting attorney's objection. Under Crim.R. 48(B), a trial court may dismiss a case over the prosecuting attorney's objection if the defendant's constitutional or statutory rights have been violated or if the dismissal serves the interests of justice. See Clipner. If the trial court dismisses the case under Crim.R. 48(B), the court is required to "state on the record its findings of fact and reasons for the dismissal." Id.
In arguing that the trial court lacked authority under Loc.R. 4.07 to dismiss the assault charge, appellant relies on our previous decision in State v. Spitzer (1995), 107 Ohio App.3d 707, 709. In Spitzer, we reviewed a trial court's decision to grant a defendant's motion to dismiss over the prosecuting attorney's objection. Id. The trial court dismissed the case because of a prosecuting witness' failure to attend a pre-trial hearing as required by Loc.R. 4.07. Id. In examining the trial court's decision to dismiss the case, we noted:
 * * * Neither Loc.R. 4.07 nor the Criminal Rules give the trial court the power to dismiss over the objections of the prosecutor under the circumstances found in this case. First, the representative of the police department may have, in fact, been in the courtroom or immediately available; the record does not definitely indicate one way or the other. Second, the trial court could have issued a warrant for the immediate appearance of the arresting officer and/or the victim. [Id., at 710.]
Thus, we held that "the circumstances of the present case did not provide the trial court with discretion to dismiss the case and that the trial court erred in granting the defendant's counsel's motion to dismiss." Id. at 712.
Despite the above circumstances in Spitzer, nothing in our previous decision indicates that a trial court is barred from utilizing Crim.R. 48(B) to dismiss a case if the prosecuting witness' failure to attend the pre-trial hearing deprives the defendant of a constitutional or statutory right, or if the dismissal serves the interests of justice. As indicated above, Crim.R. 48(B) ultimately governs the trial court's decision to dismiss a case over the prosecuting attorney's objection.
However, in this case, the trial court did not properly avail itself of Crim.R. 48(B). The trial court failed to state the required findings of fact and reasons for the dismissal, specifically whether the violation of Loc.R. 4.07 deprives appellee of a constitutional or statutory right, or whether the dismissal serves the interests of justice. Accordingly, we conclude that the trial court erred in dismissing the assault charge filed against appellee. As such, we sustain appellant's first and third assignments of error.
In summary, we overrule appellant's second assignment of error, and sustain appellant's first and third assignments of error due to the trial court's failure to comply with Crim.R. 48(B). Accordingly, we reverse the judgment of the Franklin County Municipal Court and remand this cause to the trial court for reconsideration of the dismissal order pursuant to the requirements of Crim.R. 48(B).
 ________________________ KENNEDY, J.
DESHLER and BROWN, JJ., concur.