OPINION
On July 27, 2000, William Noland was charged with criminal damaging, in violation of R.C. 2909.06. The charge was filed by William Weston, who alleged that William Noland had kicked Mr. Weston's car and dented it.
The Franklin County Municipal Court, through its clerk, issued a summons to notify Mr. Noland of the charge. Apparently, some delay in receipt or response to the summons occurred, because a demand for a jury trial was not filed until January 16, 2001. On January 17, 2001, the case was assigned to a trial judge and a pretrial conference was scheduled for January 29, 2001.
William Weston was subpoenaed to the pretrial conference. When he did not appear at the pretrial conference, counsel for Mr. Noland made an oral motion requesting that the charge be dismissed. Counsel for the state of Ohio objected to dismissal. The trial court ordered the case to be dismissed.
The state of Ohio has now pursued a direct appeal, assigning three errors for our consideration:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DISMISSING THE CHARGE OF ASSAULT [sic] PURSUANT TO LOCAL RULE 4, OVER THE OBJECTION OF THE PROSECUTION, BASED SOLELY UPON THE NON-APPEARANCE OF THE COMPLAINING WITNESS ON THE PRE-TRIAL DATE.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE BY DISMISSING THE CHARGE OF ASSAULT [sic] OVER THE OBJECTION OF THE PROSECUTION, BASED SOLELY UPON THE NON-APPEARANCE OF THE VICTIM ON THE PRE-TRIAL DATE IN VIOLATION OF THE OHIO REVISED CODE SECTION 1901.20(A)(2).
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE CHARGE AGAINST THE APPELLEE, OVER THE OBJECTION OF THE PROSECUTOR, IN VIOLATION OF CRIMINAL RULE 48(B), WHEN THE COURT FAILED TO FIND EITHER THAT A DEPRIVATION OF DEFENDANT'S CONSTITUTIONAL AND/OR STATUTORY RIGHTS EXISTED OR THAT THE DISMISSAL SERVED THE INTERESTS OF JUSTICE.
Because of its impact on the other assignments of error, we address the third assignment first.
Crim.R. 48(B) states:
 If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.
The trial court made very minimal findings. The entire recorded proceeding consumes approximately one page of transcript. The transcript of the actual hearing reads:
THE COURT: City of Columbus vs. William Noland.
 MR. PRISLEY: 2000 CRB 19087, criminal damaging and endangering; private filing. My understanding is that the defense has a motion to make.
THE COURT: Miss Montgomery?
 MS. MONTGOMERY: I'm making a motion to dismiss this case; it's a private filing. The prosecuting witness was subpoenaed to be here. That's in the court file. He has failed to appear before the Court.
THE COURT: Is there argument contra?
 MR. PRISLEY: Yes, Your Honor, based on State versus Spitzer, a 1995 reported Tenth District case. Being familiar with the local rule, however, the remedy isn't specified in that rule that dismissal would be appropriate at this time.
 THE COURT: It appears the subpoena was issued in ample time for today's hearing. I would grant the motion to dismiss, and the charge is dismissed.
MS. MONTGOMERY: Thank you. Your Honor.
 MR. PRISLEY: Could you note my objection for the record?
THE COURT: So noted. (Tr. 2-3.)
The factual findings implied in the hearing are that a private citizen, as opposed to a law enforcement agency, filed the charge; a subpoena was issued to the person who filed the charge in ample time for the person to attend the hearing; the person who filed the charge did not attend the hearing; and the charge was being dismissed as a result.
The trial court did not state on the record why dismissal was the appropriate remedy, as opposed to reassigning the pretrial conference or setting the case for a jury trial without an additional pretrial conference. The trial judge also did not state what she undoubtedly knew, namely the practical impact of the failure of the witness who filed the charge to appear. For instance, could the names of additional witnesses be known so discovery could be provided? Could the attitude of the victim toward continued pursuit of the charges be known? Could the case as a practical matter be resolved without the court and/or the parties being burdened with the additional costs of preparations for a full jury trial?
Because such practical results can be implied but were not the subject of factual findings, we are not in a position as an appellate court to determine if the trial court abused its discretion. We believe that the trial court has inherent authority to dismiss charges for a variety of reasons, including but not limited to deprivation of the rights of the accused and to serve the interests of justice. However, the trial court must make findings consistent with Crim.R. 48(B) when entering a dismissal.
We, therefore, sustain the third assignment of error.
Since the trial court will in all likelihood be addressing whether dismissal is the appropriate remedy upon remand, we feel compelled to address the first and second assignments of error at least in part.
As to the first assignment of error, Loc.R. 4 of the Franklin County Municipal Court reads as follows with respect to pretrial conferences:
 Pretrial procedure. When a pretrial conference is ordered the following persons are required to attend: The prosecutor assigned to the case, trial counsel, the defendant, the arresting officer or the complaining witness. It is the duty of respective counsel to enforce the appearance of the defendant or the prosecution witness.
 The Columbus Police Department, the Franklin County Sheriff's Department, the Ohio State Highway Patrol, and any other law enforcement agency, person, firm or corporation who regularly appears in court may submit a request to designate one or more of its members, or to designate one or more individuals, as permanent representative to attend pretrials in criminal and traffic cases in this court. If the court approves the representative, he may attend a pretrial in place of the arresting officer or prosecuting witness and the arresting officer or prosecuting witness is then not required to attend unless requested to do so by the court.
The state of Ohio argues that our case of State v. Spitzer (1995),107 Ohio App.3d 707, has construed Loc.R. 4 in a way which indicates that the trial court abused its discretion in dismissing the charge against Mr. Noland. We do not construe the Spitzer case as requiring a specific result here.
In Spitzer, a member of the Columbus Division of Police had filed the criminal charges of assault and domestic violence against Michael L. Spitzer. The alleged victim was Mr. Spitzer's live-in girlfriend, Kathy White. A subpoena for the pretrial was mailed to Ms. White at the same address she shared with Mr. Spitzer. When she did not appear at the pretrial conference, the charges were dismissed over the objection of the state of Ohio. If one of the court liaison officers permanently assigned by the Columbus Division of Police to Franklin County Municipal Court was present or readily available, the panel in Spitzer could not know from the minimal hearing conducted. Several factors taken together indicated that the trial court's dismissal of the charges was an abuse of discretion. First, Kathy White was a witness, not the party who filed the charge. Second, the method of service of the subpoena raised a serious question about whether the subpoena was ever received by her because Mr. Spitzer had the opportunity to receive and dispose of the subpoena without Ms. White ever seeing it.
The failure of a person who initiates a private criminal filing to appear at the pretrial conference on the charge he or she filed can have a far more detrimental effect. When a person who initiates a private filing does not appear at the pretrial conference, his or her desire to continue pursuing the charge may not be known. The ability to provide discovery is affected. Plea negotiations as a practical matter can be prevented.
Given the tens of thousands of criminal charges which are processed by the Franklin County Municipal Court each year, pretrial conferences for charges are a practical necessity. Where a party which has initiated a criminal charge fails to respond to a subpoena to attend the pretrial conference, the attendance by the judge, defense counsel and the defendant can become a vain set of acts. Therefore, the trial judge has the discretion to consider dismissal of the charge as an option.
As noted above, we believe the trial court has inherent power to dismiss charges for a variety of reasons. Violation of Loc.R. 4 is merely a factor which the trial court can consider in the exercise of its inherent authority, but violation of Loc.R. 4 does not authorize dismissal in and of itself.
We cannot say based upon the record before us that the trial court dismissed the charge against Mr. Noland "based solely upon the non-appearance of the complaining witness" in and of itself. Thus, we are not in a position either to sustain or overrule the first assignment of error. The failure of the trial court to make the findings of fact required by Crim.R. 48(B) and our ruling on the third assignment of error have in effect rendered the first assignment of error moot.
The Prosecutor's Division of the Columbus City Attorney's Office, which handled the prosecution of this case in the Franklin County Municipal Court, asserts in the second assignment of error that the trial court's dismissal is barred by R.C. 1901.20(A)(2), which reads:
 A judge of a municipal court does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney, village solicitor, city director of law, or other chief legal officer who is responsible for the prosecution of the case.
R.C. 1901.20(A)(2) is clearly an attempt by the Ohio legislature to overturn the decision of the Supreme Court of Ohio in State v. Busch (1996), 76 Ohio St.3d 613. The syllabus for the Busch case reads:
 A trial court has the discretion to sua sponte dismiss a criminal case over the objection of the prosecution where the complaining witness does not wish for the case to proceed.
We do not need to address the serious constitutional question about the ability of the Ohio legislature to dictate to Ohio trial courts when the trial courts can and cannot order the dismissal of charges pending in the courts. The situation specifically addressed by R.C. 1901.20(A)(2) is not presented by Mr. Noland's case, so the statute does not apply.
The second assignment of error is overruled.
In summary, the third assignment of error is sustained. The second assignment of error is overruled. Our ruling on the third assignment of error renders the first assignment of error moot.
As a result, we reverse the judgment of the trial court and remand the case for further appropriate proceedings.
 _________________ TYACK, J.
BRYANT, P.J., and LAZARUS, J., concur.