JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, City of Cleveland, appeals from the Cleveland Municipal Court's dismissal of a complaint against defendant-appellee, Anthony Bacho ("defendant"), for failure to obey a traffic control device and failure to wear a driver's side seatbelt in violation of Cleveland Codified Ordinances 413.01 and 437.27(B)(1). The trial court dismissed the complaint for lack of prosecution. For the reasons set forth below, we affirm.
 {¶ 2} The City assigns the following as errors for our review: I. "The trial court committed reversible error by dismissing a case over the objection of the prosecutor when the defendant fails to appear and fails to provide documentation to support his absence."
 {¶ 3} II. "The trial court erred by granting a motion to dismiss without determining who was representing the defendant."
 {¶ 4} We review these interrelated assignments of error together.
 {¶ 5} The record reveals that on July 2, 2002, defendant was issued a citation for failure to obey a traffic control device and for failure to wear a driver's side seat belt. On July 16, 2002, defendant appeared for arraignment and entered his plea of not guilty and requested a trial date. The case was set for trial on July 23, 2002. However, on that date, the officer who issued the citation failed to appear in court in response to the trial court's subpoena. Defendant also failed to appear in court for trial. Defense counsel informed the trial court that defendant was in the hospital and moved for dismissal for lack of prosecution. Based on this, the trial court dismissed the case against defendant for want of prosecution. The July 23, 2002, journal entry states "defendant is in hospital, no officer present."
 {¶ 6} The entire transcript of the proceedings amounts to a single page and is as follows:
 {¶ 7} "THE BAILIFF: Docket No. 3, Anthony Bacho.
 {¶ 8} "MR. REXFORD: Mr. Bacho is in the hospital. I'm empowered to take pleas. There is no police officer. I move to dismiss for want of prosecution. He's in for surgery.
 {¶ 9} "THE COURT: Case is dismissed for want of prosecution.
 {¶ 10} "MR. SESTAK: The defendant isn't here, though.
 {¶ 11} "MR. REXFORD: It's a minor misdemeanor.
 {¶ 12} "MR. SESTAK: Doesn't he have to be here anyway?
 {¶ 13} "THE COURT: No, not in this room.
 {¶ 14} "MR. SESTAK: The defendant doesn't have to be here on a minor misdemeanor?
 {¶ 15} "THE COURT: No. He's in the hospital. There is no officer.
 {¶ 16} "MR. SESTAK: I'm going to object for the record.
 {¶ 17} "THE COURT: Objection so noted."
 {¶ 18} The City argues the trial court erred when it dismissed the case because the defendant was not present in court and argues that Ohio Traffic Rule 7(A) requires that the trial court should have issued a supplemental summons and warrant rather than dismiss the case.
 {¶ 19} Traf.R. 7(A) provides:
 {¶ 20} "When a defendant fails to appear pursuant to a ticket issued to him, the court shall issue a supplemental summons or warrant."
 {¶ 21} Here, the City argues that the trial court did not issue a warrant for defendant's arrest, and instead granted the motion to dismiss before hearing the City's response to the motion. Because the Ohio Traffic Rules are silent with respect to the trial court's dismissal, Traf.R. 20 directs that the Ohio Rules of Criminal Procedure apply.
 {¶ 22} Traf.R. 20 provides:
 {¶ 23} "If no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply.
 {¶ 24} The Rules of Criminal Procedure direct, accordingly to Crim.R. 43(A), that the presence of the defendant is required at every stage of the trial.
 {¶ 25} "The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provide by these rules." Crim.R. 43(A).
 {¶ 26} The City also relies on State v. Spitzer (1995),107 Ohio App.3d 707 and State v. Noland (2001), Franklin App. No. 01AP-159, where, in both cases, the trial court dismissals at the pretrial level, based on the failure of the prosecuting witness and arresting officer to appear, were reversed. However, both Spitzer and Noland are distinguishable from the facts herein. In the case sub judice, the citing officer was served with a subpoena to appear for trial of this matter.
 {¶ 27} The trial court has the authority to dismiss the case for want of prosecution pursuant to Crim.R. 12(C), which provides, in part:
 {¶ 28} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 {¶ 29} "(1) Defenses and objections based on defects in the institution of the prosecution."
 {¶ 30} While defendant was unable to appear in court for the trial due to his apparent need for surgery, his absence was secondary to the fact that the City could not prosecute its case against the defendant without the officer who issued the traffic citation. The City was unable to meet its burden of going forward without its witness, who failed to respond to the subpoena and appear in court for trial.
 {¶ 31} In State ex rel. Left Fork Mining Co. v. Fuerst (Dec. 21, 1999), Cuyahoga App. No. 13009, this court stated that, "Ohio courts have long recognized a trial judge's inherent power to regulate procedure in the cases before the court. State v. Busch (1996), 76 Ohio St.3d 613,669 N.E.2d 1125." State ex rel. Left Fork Mining Co. at 9. Further, the trial court has the discretion to dismiss cases for a variety of reasons, which include the failure of the citing officer to appear for trial of the traffic matter. See State v. Taylor (Aug. 23, 2001), Franklin App. No. 01AP-158.
 {¶ 32} Next, the City argues that the Legal Aid attorney assigned to that courtroom was not authorized to represent defendant who was only charged with a minor misdemeanor. Although the defense counsel did not expressly state on the record that he represented defendant, it is clear from the totality of the proceedings that he did. The City has not presented evidence to this court that an attorney, who happens to be employed by the Legal Aid Society of Cleveland, cannot also represent defendant in a minor misdemeanor case or that he did not have the authority to make the motion to dismiss on defendant's behalf.
 {¶ 33} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 34} Judgment affirmed.
 {¶ 35} It is ordered that appellee recover of appellant his costs herein taxed.
 {¶ 36} The Court finds there were reasonable grounds for this appeal.
 {¶ 37} It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 {¶ 38} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR.
Motion To Dismiss — Failure To Appear