The STATE of Ohio, Appellant,

v.

LANDERS, Appellee.

[Cite as *State v. Landers*, 188 Ohio App.3d 786, 2010-Ohio-3709.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 09CA8.

Decided Aug. 5, 2010.

Patrick R. Story, Meigs County Prosecuting Attorney, and Matthew J. Donahue, Assistant Prosecuting Attorney, for appellant.[1]

PETER B. ABELE, Judge.

{¶ 1} This is an appeal from a Meigs County Court judgment that dismissed a criminal complaint against Charles A. Landers, defendant below. The state of Ohio, plaintiff below and appellant herein, assigns the following error for review:

The trial court improperly dismissed the charge of domestic violence on the motion of counsel for appellee at a pre-trial conference.

{¶ 2} On June 28, 2009, Jordann Thomas filed a criminal complaint alleging that Landers had committed domestic violence. Landers pleaded not guilty to the charge.

{¶ 3} The matter came on for pretrial hearing on July 23, 2009. At the hearing, Landers moved to dismiss the complaint because the complainant was not present. The assistant prosecutor countered that he "believe[d]" the complainant was in prison and, thus, her absence was not a willful failure to appear. The trial court, however, granted the motion and dismissed the charge and further noted that the charges could always be "refile[d]." This appeal followed.[2]

---

1. Appellee did not enter an appearance in this appeal.

2. R.C. 2945.67(A) allows county prosecutors to appeal, as of right, any trial court decision that, inter alia, grants a motion to dismiss a criminal complaint. Therefore, appellant was not required to seek leave of court before it pursued this appeal. See generally *State v. Kish*, Lorain App. No. 02CA8146, 2003-Ohio-2426, 2003 WL 21078099, at ¶ 52. Furthermore, although some case law supports an argument that the dismissal of a complaint without prejudice is not a final, appealable order, the Ohio Supreme Court rejected that view in *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957. That said, and in light of the fact that appellant filed the notice of appeal within the seven-day time frame set forth in App.R. 4(B)(4), we proceed to address the state's arguments on the merits.

{¶ 4} Appellant asserts in its assignment of error that the trial court improperly dismissed the case. Specifically, the appellant contends that the trial court's action violated R.C. 2941.33 and Crim.R. 48(B) and 12(C). Before we address these provisions, we pause to consider the appropriate standard of review. Trial courts possess the inherent power to dismiss the cases on their dockets. *State v. Sutton* (1979), 64 Ohio App.2d 105, 108, 18 O.O.3d 83, 411 N.E.2d 818; *State v. Rivers,* Cuyahoga App. No. 83321, 2004-Ohio-2566, 2004 WL 1118844, at ¶ 8; *State v. Taylor* (Aug. 23, 2001), Franklin App. No. 01AP–158, 2001 WL 951728. Thus, the decision whether to dismiss a criminal case lies in the sound discretion of the trial court, and that decision will not be overturned absent an abuse of discretion. See, e.g., *State v. LaTorres* (Aug. 10, 2001), Ashtabula App. Nos. 2000–A–60 and 2000–A–62, 2001 WL 901045; *State v. McMullen* (Dec. 9, 1992), Holmes App. No. CA–459, 1992 WL 397630. We further note that an abuse of discretion is more than an error of law or judgment; rather, it implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Herring* (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940; *State v. Clark* (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331. Furthermore, an abuse of discretion means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance of judgment, not the exercise of reason but, instead, passion or bias. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. Appellate courts should not substitute their own judgment for that of trial courts in matters that involve the exercise of discretion. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181; *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 5} With this standard in mind, we turn our attention to the authorities appellant cites in support of its argument. To begin, we point out that R.C. 2941.33 concerns a prosecutor's dismissal (nolle prosequi) rather than a trial court dismissal.[3]

{¶ 6} Likewise, we question how Crim.R. 12(C) has any bearing on this case. That rule allows either party to make a request, or raise an objection, prior to trial if that request or objection can be resolved without trial. In the instant case, the defendant and his counsel appeared for a pretrial hearing. When the complainant did not appear, defense counsel moved to dismiss the charge, and the trial court granted the motion. We fail to understand how this violates Crim.R. 12(C).

---

**3.** R.C. 2941.33 states, "The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. * * *"

{¶ 7} With respect to Crim.R. 48(B), that provision requires a trial court to "state on the record its findings of fact and reasons for the dismissal" if it dismisses a complaint over the prosecutor's objection. Appellant is correct that in the case sub judice, the trial court did not explicitly state its findings and the reason for the dismissal. However, an abuse of discretion is more than an error of law. Our Seventh District colleagues have held that pursuant to Crim.R. 52(A), the failure to explicitly make Crim.R. 48(B) findings constitutes harmless error when the facts are not in dispute and the record contains sufficient information to address the assignments of error. *State v. Estrada* (1998), 126 Ohio App.3d 553, 555, 710 N.E.2d 1168. We find this view highly persuasive.

{¶ 8} In this case sub judice, no confusion exists about the trial court's reason for the dismissal. After the complainant failed to appear for the pretrial, defense counsel requested the dismissal due to the complainant's absence. Consequently, the trial court granted the motion. We believe that the court's reasons for the dismissal are obvious from the record. Furthermore, we decline to find an abuse of discretion when the appellant demonstrates no prejudice. Once again, the trial court indicated that the charge could be refiled if necessary.

{¶ 9} Appellant cites *State v. Spitzer* (1995), 107 Ohio App.3d 707, 669 N.E.2d 339, wherein the Tenth District reversed a trial court's dismissal of domestic-violence charges when a prosecution witness failed to attend a pretrial hearing. A unanimous panel found no authority, either in statute, local rules, or rules of criminal procedure, for the trial court to dismiss the charge under those circumstances. Id. at 710–712, 669 N.E.2d 339. However, one member of that panel opined that he might have viewed the matter differently if the absent victim had filed the complaint rather than the absent police officer. Id. at 712, 669 N.E.2d 339 (Tyack, J., concurring).

{¶ 10} We decline to follow *Spitzer* for several reasons. First, the *Spitzer* court based its ruling on the absence of any authority to justify the dismissal. However, as we have previously indicated, trial courts have the inherent authority to dismiss cases from their dockets. Thus, trial courts should not always be required to point to rule, statute, or case law to justify a dismissal. Instead, the party challenging that dismissal must cite some rule, statute, or case law that restricts the trial court's inherent authority. In the absence of such a restriction, the dismissal should be upheld unless the court abuses its discretion. Second, and perhaps more important, we are keenly aware of the burdens that trial courts face. The Ohio Supreme Court noted in *State v. Busch* (1996), 76 Ohio St.3d 613, 615–616, 669 N.E.2d 1125:

> Trial judges are at the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the

accused, and victims. A court has the "inherent power to regulate the practice before it and protect the integrity of its proceedings." *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33–34, 27 OBR 447, 449, 501 N.E.2d 617, 620. Trial courts deserve the discretion to be able to craft a solution that works in a given case.

The *Busch* court observed that trial courts do not have "unfettered power" to dismiss domestic-violence cases and that reviewing courts should look to the particular facts and circumstances to determine whether an abuse of discretion has occurred. Id. In the case sub judice, the record is sparse. Nothing in the record reveals the nature of the injuries or whether other witnesses may exist. The transcript also suggests that the complainant missed the hearing because she was incarcerated. Without information about her location and whether she was located in the state of Ohio, the trial court may have had legitimate concerns about prosecuting the case.[4] Moreover, as defense counsel aptly noted, the prosecution bears the responsibility to secure the complaining witness's attendance at the courthouse for the court proceedings.

{¶ 11} Finally, we again point out that the trial court dismissed the complaint without prejudice. Indeed, the trial court explicitly stated that the charges could be refiled sometime in the future.

{¶ 12} We concede that the better practice might have been to continue the proceedings until the complainant could be located. It may also be the case that had members of this court been sitting on the trial court bench, we might have exercised discretion differently. However, neither consideration is the standard by which we review the decision to dismiss the case. In light of the facts and circumstances presented here, we find nothing arbitrary, unreasonable, or unconscionable in the trial court's decision and, thus, no abuse of discretion.

{¶ 13} Accordingly, the assignment of error is without merit and is hereby overruled. We hereby affirm the trial court's judgment.

Judgment affirmed.

McFARLAND, P.J., and KLINE, J., concur.

---

4. Appellant states in its brief that the complainant is incarcerated at the Ohio Reformatory for Women at Marysville. This information was apparently not conveyed to the trial court. Furthermore, a "statement of facts" in a brief is not part of the record on appeal and cannot be considered. See App.R. 9(A).