[Cite as *Greenfield v. Smith*, 2022-Ohio-133.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO,<br>VILLAGE OF GREENFIELD, | : | Case No. 21CA9 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | DECISION AND<br>JUDGMENT ENTRY |
| | : | |
| KELLIS SMITH, | : | **RELEASED 1/13/2022** |
| Defendant-Appellee. | | |

_____

APPEARANCES:

Brian M. Zets, Isaac Wiles & Burkholder, LLC, Columbus, Ohio, for appellant.

Kathryn Hapner, Hapner & Hapner, Hillsboro, Ohio, for appellee.

_____

Hess, J.

{¶1}   The State of Ohio, Village of Greenfield appeals from an order of the Highland County Court dismissing the minor misdemeanor charges against Kellis Smith. The Village alleged that Smith failed to initiate eviction proceedings against tenants occupying residential structures Smith owned that were the subject of the Village Council's condemnation notice. The trial court dismissed the charges because it determined that an eviction action would constitute a violation of the Center for Disease Control's Eviction Moratorium ("Eviction Moratorium")[1] and cause Smith to incur

---

[1] In March of 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act. Pub. L. No. 116-136, 134 Stat. 281 (2020), which among other things imposed a 120-day moratorium on evictions from rental properties that participated in federal assistance programs or had federally backed loans. After that congressionally enacted moratorium ended, the CDC issued an order entitled "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19." 85 Fed. Reg. 55,292. The Halt Order imposed a broader eviction moratorium than Congress had, one that prohibited eviction of all "covered persons"—without regard to whether the rental property relied on federal funds or loans— through December 31, 2020. In late December, before the Halt Order elapsed, Congress included a

potential criminal and civil sanctions under federal law. The Village contends that the trial court abused its discretion when it dismissed the criminal charges because there was a provision under the Eviction Moratorium that provides an exception based upon a tenant violating any applicable building or health code or similar regulation relating to health and safety.

{¶2} We overrule the Village's assignment of error and affirm the dismissal order of the trial court. The trial court's determination that the Eviction Moratorium prevented Smith from proceeding with eviction proceedings was not unreasonable, arbitrary, or unconscionable. The trial court was not acting unreasonably when it declined to evaluate the exceptions to the Eviction Moratorium and speculate on their applicability to any future potential enforcement proceedings.

## I. FACTS AND PROCEDURAL HISTORY

{¶3} The parties do not dispute the facts. Smith owns four parcels with residential structures on South Street in the Village of Greenfield, Highland County, Ohio that he leases to tenants. On September 15, 2020, the Village Public Service Director advised Smith by letter that those four properties were condemned. The condemnation letter referenced Loc. Ordinance Section 1323.10(b)(3) (which governs the notification requirements for condemnation notices) and stated that the reason for the condemnation was that the properties were habitually used "for housing persons who are now or have in the past committed felonious acts." The letter further referenced

---

provision in the Consolidated Appropriations Act that extended the order through January 31, 2021. Pub. L. No. 116-260, § 502, 134 Stat. 1182 (2020). The CDC extended the order beyond that congressionally authorized date four times: until March 31, then June 30, then July 31, and finally October 3. 86 Fed. Reg. 8020; 86 Fed. Reg. 16,731; 86 Fed. Reg. 34,010; 86 Fed. Reg. 43244-01. On August 26, 2021, the United State Supreme Court held it to be unconstitutional. *Alabama Assn. of Realtors v. Dept. of Health & Human Services,__U.S.__, 141 S.Ct. 2485, __L.Ed.2d__ (2021).*

R.C. 3767.12,[2] and stated that "these properties endanger the health, safety and welfare of the public are [sic] deemed nuisance properties." The Public Service Director ordered Smith to demolish all the houses within 30 days from the date of the letter: "you are **ORDERED** to abate these nuisance properties by vacating them and to demolish and remove the structures, leaving the premises in a clean and safe and sanitary condition within 30 days of receipt of this letter."

{¶4}     Smith requested a timely appeal to the Village Council in accordance with Loc. Ordinances 1323.10(e) and 1323.06. The Village Council Clerk sent Smith a notice informing him that the Village Council had set a special meeting on October 20, 2020 to hear Smith's appeal. The hearing was commenced but recessed and reconvened on December 2, 2020. After hearing additional evidence, Village Council ruled in favor of the condemnation. Smith contends that he was not properly notified of the Village Council's decision and therefore his right to appeal it has not yet been triggered. Smith was informed about the Village Council's condemnation by a letter on December 14, 2020 sent by the City Manager, not Village Council or its Clerk. There is no indication in the record whether it was sent in accordance with Loc. Ordinance 1323.10(b)(3). The City Manager informed Smith that the Village Council had condemned Smith's properties following the December 2 hearing and he must vacate them all by January 4, 2021. The City Manager also informed Smith that condemnation placards would be

---

[2] R.C. 3767.12 prohibits "Keeping a resort for thieves" and declares a public nuisance a house that is used "as a habitual resort for thieves, burglars, or robbers" or used by persons conspiring to commit felonious conduct, or fleeing or hiding after committing felonious conduct. It prohibits a landlord from "knowingly" permitting the house to be used in such manner. Since enacted in 1953, violations of R.C. 3767.12 appear to have been rarely prosecuted. Our research uncovered no cases. Under R.C. 3767.28, nuisance inspectors have no power to enforce violations of R.C. 3767.12 and are limited to enforcing public nuisances under "sections 3767.13 to 3767.29, inclusive of the Revised Code."

placed on the properties on January 4, 2021 and if he failed to have the properties vacated by that date, "the Village will pursue legal action to remove the tenants * * *."

{¶5}   Instead of pursuing legal action to remove the tenants, in mid-January 2021 the Village charged Smith with 63 separate minor misdemeanors. According to the charges, as of January 11, 2021, the properties had not been vacated in violation of Loc. Ordinance 1323.10(d), which prohibits an owner from allowing tenants to remain in condemned property, and Loc. Ordinance 1323.99, which makes it a minor misdemeanor and allows the Village to charge Smith for a separate offense for each day that the violation occurs or continues. Smith entered a not guilty plea and requested a pretrial hearing. The trial court set a March 2021 pretrial hearing, ordered Smith to submit his brief and any dispositional pretrial motions, and ordered the Village to submit its reply brief prior to the pretrial hearing. It also set oral arguments on the briefs for the March 2021 pretrial hearing.

{¶6}   Smith filed a motion to dismiss in which he challenged the validity of the Village Council's condemnation.  He challenged the statutory grounds, arguing that R.C. 3767.12 does not allow for condemnation or demolition of a house that is used in violation of that provision. Instead, the remedy is a court ordered abatement, which might entail an order by the court that the offending persons be removed, but there is no statutory or case law authority for a complete demolition of the structure. He also challenged the actions of the Village because it never contacted him concerning any alleged illegal activity; it simply sent the condemnation letter.  He also contended that the condemnation notice was not sent via certified mail, which failed to comply with Loc. Ordinance 1323.10(b).   Smith argued that there was no evidence presented to Village

Council that any persons meeting the definition given in the statute – robbers, thieves, burglars or conspiring, fleeing, or hiding felons – were at any time present in the buildings. He contended that the substance of the testimony was that felonious acts had been committed in the alley behind property owned by Smith. He argued it was the Village's function to apprehend and prosecute criminals, not his.

{¶7}   Smith also contended that a public record request he made regarding his properties showed that in 2020 as to one of the properties only a few calls had been made concerning a "Tad Price" who was not a tenant of that property and some of those calls were placed by Smith himself. One call regarded a small fire in a parking lot behind the house, which was extinguished and did not involve criminal activity. As to a second property, several calls were made in 2020 concerning drug activity in the alley behind the house and none of the persons involved were Smith's tenants. As to a third property in 2020, four calls were made, one call involved Tad Price and two calls were placed by Smith because he had evicted Price and wanted him removed from the property. Smith also contended he installed a streetlight in the alley behind one of his properties at his own expense, even though this was the Village's responsibility.

{¶8}   Smith argued that, in addition to having no evidence of a violation of R.C. 3767.12, the Village had no statutory authority to condemn his properties because there was no showing that the structures themselves were dangerous or uninhabitable. And, Smith argued he could not legally evict any of the tenants because he had no grounds under R.C. Chapter 5321, governing landlord/tenant laws.

{¶9}   Smith did not raise the Eviction Moratorium as a basis for the dismissal of the charges.

**{¶10}** The Village responded by arguing that to prove Smith guilty it needed to show four elements beyond a reasonable doubt: (1) Smith owned the properties in question; (2) the Village had condemned and placarded the properties; (3) Smith allowed persons to remain in the properties; and (4) the persons remaining were not making repairs or complying with Village orders. The Village argued that Smith could not challenge the second element –the validity of the Village's condemnation and placarding of the property – because the criminal proceeding was the wrong forum. The Village argued that element could only be challenged via an appeal of the Village Council's decision in the Highland County Court of Common Pleas and Smith had not appealed the Village Council's final condemnation decision.

**{¶11}** The Village argued that it acted within the police powers conferred on it by Loc. Ordinance 1323.10 and R.C. 715.26, governing the regulation of building structures, when it condemned and placarded the properties and asked the trial court to deny the motion to dismiss.

**{¶12}** Like Smith, the Village did not raise legal issues related to the Eviction Moratorium.

**{¶13}** At the March hearing, the trial court dismissed the charges against Smith because the Village's criminal charges against him were in direct conflict with the Eviction Moratorium. Smith was charged criminally "for not bringing an eviction action that in itself would constitute a violation of the above referenced CDC moratorium order and thus submit [Smith] to potential criminal and civil sanctions" under federal law. After dismissing the charges, the trial court addressed the Village, stating that if the Village

believed its condemnation was valid, it could initiate its own legal actions directly against the tenants.

**{¶14}** The Village appealed.

## II.  ASSIGNMENT OF ERROR

**{¶15}** The Village presents the following assignment of error:  The trial court erred when it dismissed the criminal/zoning charges against Defendant Kellis Smith.

## III.  LAW AND ANALYSIS

### A.  Standard of Review

**{¶16}** A trial court may dismiss criminal charges under Crim.R. 48(B).  The decision whether to dismiss a criminal case lies within the sound discretion of the trial court, and that decision will not be overturned absent an abuse of discretion. *State v. Landers*, 188 Ohio App.3d 786, 2010-Ohio-3709, 936 N.E.2d 1026, ¶ 4 (4th Dist.). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Id.* "The Supreme Court has noted that '[t]he rule does not limit the reasons for which a trial judge might dismiss a case,' and found that 'a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice.' " *State v. Schoolcraft,* 4th Dist. Meigs No. 02CA1, 2002-Ohio-5947, ¶ 12 quoting *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996).

### B. Trial Court's Dismissal

**{¶17}** The Village contends that the trial court abused its discretion when it dismissed the criminal charges against Smith based on the determination that the Eviction Moratorium prevented Smith from bringing eviction actions. The Village argues that an exception exists that allows Smith to evict these tenants for "violating any

applicable building code, health ordinance, or similar regulation relating to health and safety." However, the Village does not cite any case law or other legal authority that has interpreted or applied this exception to the Eviction Moratorium. The facts here are unusual: the Village's condemnation notice was not based on a violation of an "applicable building code, health ordinance or similar regulation relating to health and safety." Nothing in the record indicates that Smith's residences were unsafe, lacked heating, electricity, or plumbing, or suffered any other physical or structural deficiencies that would make them unfit to occupy. The sole reason given for the condemnation was that Smith's properties were "housing persons who are now or have in the past committed felonious acts."[3] The Village's condemnation notice is not based on a violation of a building code, health ordinance or similar regulation, and its argument that this exception would apply to the tenants in a future federal enforcement proceeding against Smith is purely speculative.

{¶18} The Village's argument that the Eviction Moratorium exception applies here and does not absolve Smith of his obligation to evict his tenants misses the point. If Smith were to evict these tenants as the Village argues he should, the issue is whether Smith could successfully assert this exception as a defense to federal criminal charges and the imposition of criminal fines in a future enforcement proceeding brought against him by the U.S. Department of Justice pursuant to 42 U.S.C. 271 for violation of quarantine laws. If Smith adopts and argues the Village's position in a federal court and

---

[3] We make no determination regarding the validity of the Village's condemnation. The questions of whether the Village exceeded its statutory authority, gave insufficient notice of its first condemnation notice, failed to provide proper notice of Council's condemnation decision, or imposed a remedy beyond what was necessary to accomplish a nuisance abatement are all issues that are not properly before us at this time even though these issues were raised by Smith in his motion to dismiss. The trial court's dismissal did not consider these issues and was based solely on the Eviction Moratorium.

that court rejects it and finds Smith's evictions violated the Eviction Moratorium, he could be assessed criminal fines of $100,000 to $250,000.

{¶19} We find nothing unreasonable, arbitrary, or unconscionable about the trial court's decision to dismiss the charges against Smith. The trial court was not acting unreasonably when it declined to evaluate the exceptions to the Eviction Moratorium and speculate on their applicability to any potential future federal enforcement proceeding.

IV.  CONCLUSION

{¶20} Having overruled the assignment of error, we affirm the trial court's dismissal.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the HIGHLAND COUNTY COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
               Michael D. Hess, Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**