CITY OF CLEVELAND, APPELLANT, *v.*
MOSQUITO, APPELLEE.

(No. 46147—Decided July 14, 1983.)

*Mr. Jose Feliciano,* city prosecutor, and *Mr. Patrick F. Roche,* for appellant.
*Mr. Stanley Josselson,* for appellee.

*Per Curiam.* The plaintiff-appellant, the prosecution, seeks reversal of a decision by the trial court to *sua sponte* enter a *nolle prosequi* in this diversion program case. At the time of referral, the prosecutor had made both an oral and written objection. Plaintiff raises three assignments of error which will be dealt with together since they are related.[1] Defendant-appellee, Sandra Mosquito, filed no brief.

On May 21, 1982, two fourth degree misdemeanor complaints were issued against Sandra Mosquito for selling misbranded drugs on two separate occasions, May 19 and May 20, 1982, in violation of R.C. 3715.52(A). When these matters came before the Cleveland Municipal Court for trial, the trial court referred Sandra Mosquito to a pretrial diversion program known as the Selective Intervention Program ("S.I.P."). The prosecution objected to this referral orally and in written form. Despite these objections, the trial court, pursuant to this pretrial diversion program, entered a *nolle prosequi* as to both charges against Mosquito on October 15, 1982. The city prosecutor's office now requests that the judgment entering a *nolle prosequi* be reversed, contending that the prosecuting attorney alone may establish pretrial diversion programs and the trial court may not make referrals or enter a *nolle prosequi* without prosecutorial approval. R.C. 2935.36(A).

In a recent case, *Cleveland* v. *Buchanon* (July 1983), Cuyahoga App. No. 46046, unreported, we rejected similar contentions by the prosecution for reasons stated in that opinion. The facts in that case were substantially different in that the prosecutor had voiced no objection and acquiesced in the referral under a well-established program in which the Cleveland City Prosecutor's Office had participated for years. The Prosecutor's Manual outlined the procedures followed and the prosecutor's endorsement of the dismissal of the charge against a defendant successfully completing the program. A written objection was filed just a matter of two or three days prior to the defendant's completion of the program and actually set forth no grounds for the objection. However, we find merit in the appellant's first and second assignments

---

[1] The appellant lists the following assignments of error:

"I. The trial court committed error in entering a *nolle prosequi* without the recommendation of the prosecution.

"II. The trial court committed error in entering a *nolle prosequi* over the objection of the prosecution.

"III. The trial court committed error in allowing defendant's participation in a pretrial diversion program without the recommendation of the prosecution."

of error in this case and feel compelled to discuss our reasons at some length.

The Special Intervention Program of the Cleveland Municipal Court was instituted in 1974 to provide a form of rehabilitation in lieu of conviction and sentence. Eligible defendants participate in a short-term intensive period of supervision, and are required to meet certain written standards. It is strictly a privilege extended by the court to help a defendant avoid future arrest, continue a normal life style, and avoid having a conviction on record.

Termed a diversionary program, similar types of programs were established in other jurisdictions. In 1976, the Ohio Attorney General found merit in the new approach. He held:

"A prosecuting attorney has discretionary authority to operate a criminal diversion program provided that the exercise of such discretion in determining not to prosecute is in accordance with constitutional guarantees of equal protection, and provided that the program is designed and implemented so as to provide a viable alternative to criminal prosecution consistent with maintaining protection of the public." 1976 Ohio Atty. Gen. Ops. 76-002, at 2-4.

Effective June 6, 1978, the General Assembly enacted R.C. 2935.36 authorizing prosecuting attorneys to establish pretrial diversion programs for certain offenders. The new law provided that the programs shall be operated pursuant to written standards approved by journal entry by the judiciary. The statute therefore calls for cooperation between the court and the prosecution to effectuate the program. The Cleveland plan was established by the court with the prosecutor's participation and acquiescence. It is to be noted, too, that under Section 2 of H.B. No. 473, the Bill which statutorily recognized the statewide pretrial diversion program, there is a "grandfather clause" preserving similar programs in existence on the effective date of the statute.

A review of R.C. 2935.36 in its entirety discloses a legislative intent to vest the prosecutor with discretion regarding whether or not to prosecute a defendant who might be eligible for the pretrial intervention program. Under the guidelines of the instant program, while the procedure involves the Cleveland Municipal Court, the probation department, the prosecutor, and the defendant, it is the municipal judge who recommends a defendant for entry into the program, and it is the municipal judge who determines whether the defendant has successfully completed the program. In order to take advantage of the program, the defendant, if the probation department reports that he is eligible, then withdraws his plea, waives certain constitutional rights, and signs an agreement to cooperate and abide by the conditions of the program.

Confronted with the established Cleveland Municipal Court program, in successful operation since 1974 with prosecutorial participation, we must determine whether the diversion ordered in the instant case is strictly a prosecutorial or a judicial decision. On the one hand, we might conclude that the program authorized by the 1978 statute is within the prosecutorial rather than the judicial realm and the prosecutor has the absolute authority, and can exercise a total veto at any stage of the proceedings. On the other hand, a study of the operation of the Cleveland program, with all the conditions and requirements outlined, could indicate that the decision to divert is a quasi-judicial function since it is tantamount to pretrial probation, and therefore, once the program is commenced the decision is not inherently and exclusively within the purview of the executive branch of government in the person of the prosecutor.

When the actual dismissal procedure is challenged under the constitutional doctrine of separation of powers, we must search for a usurpation by one department of the powers of another department on the specific facts and cir-

cumstances presented. In determining whether a usurpation of powers exists, we should not overlook the objective sought to be attained by the legislative recognition of the benefits of the diversionary programs and the practical result of the blending of powers as shown by actual experience over a period of time.

The argument could be advanced that in the enactment of R.C. 2935.36 the legislature unconstitutionally usurped the power of the executive, *i.e.,* the prosecutor, and the judiciary, *i.e.,* the trial judge, mandating steps each department must take in compliance with certain provisions of the statute. While the basic doctrine of the separation of powers is enshrined in our law, it does not necessarily follow that total and absolute separation is completely desirable or was ever fully intended by the framers of our Constitution. As has been suggested, absolute separation of powers is impossible, so certain objectives require a practical approach and a blending of the three powers of government. Cooperation between the branches is essential as well as total objectivity by the principal parties involved.

In this case the prosecutor, at the very outset of the discussion on a possible referral of the defendant to S.I.P., immediately objected because Mosquito had been arrested on the same charge on two successive days. Her conduct in engaging in the very same activity which lead to her first arrest was not indicative of a contrite person not likely to engage in similar conduct in the future. Not content with orally objecting, the prosecutor followed with a formal written objection. We can presume from the silent record on this point that the written objection was likewise ignored by the trial court. While her actions were not of such a serious nature as to strike fear into society and could be viewed differently, the prosecutor's objection was entitled to some credence. We conclude, therefore, the timely objection to the referral with good cause shown should have been allowed by the trial court and Mosquito denied the opportunity to enter the program and escape trial. The prosecutor clearly indicated that the city was ready for trial.

We reaffirm our earlier decision in *Cleveland* v. *Sanford* (April 3, 1980), Cuyahoga App. Nos. 41043 and 41044, unreported, that a *nolle prosequi* can be entered only with the affirmative consent of the prosecution. A trial court, while it may dismiss a case on other grounds, lacks the power to enter a *nolle prosequi* over the prosecutor's objection. However, we cannot agree with the prosecutor's contention expressed in the third assignment, that R.C. 2935.36 vests exclusive authority in the prosecuting attorney in diversionary programs in Ohio. Although the statute discloses a legislative intent to vest the prosecuting attorney with discretion regarding eligibility for pretrial intervention programs, it does not outlaw other established diversionary programs. As a matter of fact, existing programs were "grandfathered in" in the language of Section 2 to "continue that program in its established manner even if the program does not conform to the provisions of Section 1 of this act."

Actually, the success of any pretrial intervention program requires the cooperation of both the prosecution and judiciary. Without judicial approval no prosecutorial program can possibly succeed and vice versa. Mutual agreement is essential and that necessitates respect for proper objections timely raised by the key participants. If the Selective Intervention Program, which has succeeded for many years in fulfilling its objectives is to continue, the Cleveland judges and the prosecutors must work together rather than viewing the program as the exclusive domain of one or the other branch of the municipal government.

Reversed and remanded.

*Judgment reversed and cause remanded.*

PATTON, C.J., CORRIGAN and McMANAMON, JJ., concur.