**The STATE of Ohio**

v.

**MONK.**

Court of Common Pleas of Ohio,
Hamilton County.

No. B–936909.

Decided Jan. 5, 1994.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Chris Van Harlingen*, Assistant Prosecuting Attorney, for plaintiff.

*Joseph G. Carr*, for defendant.

---

ANN MARIE TRACEY, Judge.

This matter comes before the court on the motion of defendant Richard Monk for dismissal of Counts 1 through 3 of the indictment on the basis of double jeopardy. The court has been fully advised in the premises, having reviewed the motion, memoranda, indictment, exhibits, evidence and applicable law and having held an evidentiary hearing.

The defendant, Richard Monk, and the complaining witness in these matters, Brandy Monk, are currently husband and wife and are in the midst of divorce proceeding in Hamilton County Domestic Relations Court. On May 6, 1993, Mrs.

Monk signed a complaint and affidavit charging Richard Monk in case No. C93CRB13891 with the offense of domestic violence, a first degree misdemeanor in violation of R.C. 2919.25. The parties here stipulate that this complaint and the corresponding affidavit allege the same facts and circumstances which are the basis of the offense charged in Count 1 of the indictment pending in this case.

The evidence at the hearing established the following. On May 17, 1993, Mr. Monk appeared for trial before the Honorable David P. Davis, Hamilton County Municipal Court. At that time, Mr. Monk's participation in the AMEND Program in lieu of prosecution was discussed. The AMEND Program is a well-established, court-endorsed counseling program for perpetrators of domestic violence. It is utilized in Hamilton County courts in the resolution of cases and gives defendants the opportunity for counseling so that future abusive behavior is less likely to occur, allows the defendant to avoid a conviction, and allows the family unit to remain intact where appropriate. Upon successful completion of the AMEND Program, the case is dismissed against the defendant.

The prosecutor, David Wood, stated that he would recommend the AMEND Program and that the charges would be dropped upon Mr. Monk's successful completion of the AMEND Program. All parties agreed to this proposal and the court referred Mr. Monk to the AMEND Program. The case was continued until July 12, 1993 to determine whether Mr. Monk had successfully completed the AMEND Program.

Pursuant to the AMEND Program, Mr. Monk paid the costs of $160, attended four weekly sessions, and agreed to provide information and to obtain counseling as required. He also agreed that the program could report certain information as it deemed appropriate to the court and the prosecutor's office. Mr. Monk did not have a prior criminal record. The parties appeared in court again July 12, 1993, at which time the case was dismissed by the judge because of Mr. Monk's successful completion of the AMEND Program.

On July 12, 1993, Mr. Monk informed his wife that he wanted a divorce. He also informed his attorney of this decision. On July 13, 1993, he was arrested on a charge of domestic violence for events which allegedly occurred on July 13, 1993. The parties here agree that this charge had the same factual basis as the charge constituting Count 3 of the instant indictment.

On September 22, 1993, the defendant appeared with his then and current counsel Joseph Carr before the Hon. Joseph A. Luebbers for trial on the alleged July 13, 1993 offense, a misdemeanor of the fourth degree. At that time, the prosecuting attorney, Chris Van Harlingen, advised Carr that the matter was proceeding through the grand jury. The case was then dismissed by the prosecutor over the objection of the defendant, who was asserting his desire to go forward with trial at that time.

Mr. Monk was subsequently indicted in a three-count indictment. It is stipulated that the facts upon which the prosecutor relies in support of the felonious assault charge found in Count 1 of this indictment are identical to those relied upon in support of the domestic violence charge which was dismissed July 12, 1993 after completion of the AMEND Program. It is also undisputed that the second count relates to events that allegedly occurred May 6, 1993, and was not the subject of previous criminal charges. The third count is aggravated menacing, the same charge which was dismissed in municipal court by Judge Luebbers on the date of trial, September 22, 1993, and was originally filed July 13, 1993.

The defendant asserts that Counts 1, 2 and 3 should be dismissed pursuant to R.C. 2935.36 and by reason of double jeopardy and other constitutional considerations.

With respect to Count 1, it is essentially the defendant's claim that he cannot be further prosecuted because of his acts in reliance on the prosecutor's representation that the case would be dismissed and the agreement to dismiss, and because the dismissal effectively placed him in jeopardy. In order to address whether double jeopardy exists, the court must first address whether the referral of Mr. Monk to the AMEND Program and dismissal of the charges upon his successful completion of the program placed him in jeopardy.

The defense cites *State v. Urvan* (1982), 4 Ohio App.3d 151, 4 OBR 244, 446 N.E.2d 1161 as authority for the proposition that jeopardy has attached and precludes further prosecution. In *Urvan*, the defendant in Medina County was placed in a pretrial diversion program pursuant to R.C. 2935.36 and entered into a diversion contract with the state and successfully completed the program. The court concluded that Urvan could not be prosecuted in Cuyahoga County for essentially the same offense because jeopardy attached as a result of the successful completion of the diversionary program and dismissal in the first charging county, Medina.

R.C. 2935.36 permits a prosecuting attorney to establish diversion programs for adults not likely to offend again. The programs are to be operated pursuant to written standards approved by journal entry by the presiding judge. Eligible persons are defined. Under the statutory scheme, upon successful completion of the program, upon the recommendation of the prosecuting attorney, the court must dismiss the charges. R.C. 2935.36(D).

The state here argues that unlike the program in *Urvan*, the dismissal was not pursuant to a statutory diversionary program authorized under R.C. 2935.36. Courts have not considered strict compliance with a program structured under R.C. 2935.36 as a requirement for dismissal. In *Cleveland v. Mosquito* (1983), 10 Ohio App.3d 239, 10 OBR 334, 461 N.E.2d 924, the court addressed whether the referral by the trial court of the defendant to a court pretrial diversion program

over the prosecutor's objection was a proper dismissal. There the prosecution argued that that program was not one of those prescribed by statute and sought reversal of the *nolle prosequi*. The court held:

"[W]e cannot agree with the prosecutor's contention * * * that R.C. 2935.36 vests exclusive authority in the prosecuting attorney in diversionary programs in Ohio. Although the statute discloses a legislative intent to vest the prosecuting attorney with discretion regarding eligibility for pretrial intervention programs, it does not outlaw other established diversionary programs. As a matter of fact, existing programs were 'grandfathered in' in the language of Section 2 to 'continue that program in its established manner even if the program does not conform to the provisions of Section 1 of this act.'" *Id.* at 241, 10 OBR at 337, 461 N.E.2d at 927.

Similarly, in *Cleveland v. Buchanon* (July 7, 1983), Cuyahoga App. No. 46046, unreported, 1983 WL 5537, the court of appeals found that the prosecutor's acquiescence in the placement of the defendant into the diversionary program, the prosecutor's office's participation in the program over the years, and its failure to recognize the defendant's rights with respect to her successful participation of the program entitled the defendant to dismissal of the charges.

The evidence before the court established that it was the agreement of the parties, and was requested by the prosecutor, that the matter would be disposed of by a dismissal of the charge upon Mr. Monk's successful completion of the AMEND Program.

On May 17, 1993, Wood, on behalf of the prosecution, stated in an exchange with the court and defense counsel:

"MR. WOOD: Judge, after speaking with Counsel regarding this case it's my recommendation that if the Defendant successfully completes the AMEND Program, I would ask you to dismiss this case.

"THE COURT: All right, That's agreeable with everyone?

"MS. POTTER: It certainly is, Your Honor.

"MR. WOOD: That is Mrs. Monk's wish, as a matter of fact.

"THE COURT: All right. We'll have to continue the case, then, and allow him a chance to do that. They need about six weeks.

"This referral slip is not updated. So, just ignore the date here. And have him call and complete the program. How about July 12th?

"MS. POTTER: That's fine on my calendar.

"THE COURT: All right. 7–12–93. Have him complete the program. And then we'll dismiss this.

MS. POTTER: Thank you, Your Honor.

"(Thereupon, the proceedings were concluded.)"

On July 12, 1993, the following exchange was had:

"MS. LUEBBERS: Richard Monk.

"MS. POTTER: We have a successful completion of the AMEND Program.

"THE COURT: Okay. Is this supposed to be a dismissal, then?

"MS. POTTER: I believe so. The T.P.O. was dropped. Request a dismissal.

"THE COURT: Okay. It will be dismissed.

"MS. POTTER: Thank you."

The state then both requested and acquiesced in the referral to the AMEND program and the dismissal of charges against Mr. Monk.

Furthermore, the court takes judicial notice that the AMEND Program is a well- and long-established diversionary program utilized in Hamilton County Municipal Court to address domestic violence cases. Mr. Monk reasonably expected that, based on the agreement of the prosecutor, if he participated in the AMEND Program and successfully completed it, the charge would be dismissed. Given this agreement, if the state wanted to reserve the right to further prosecute him for the same offense, it should have explicitly reserved the right to do so. See *State v. Carpenter* (1993), 68 Ohio St.3d 59, 623 N.E.2d 66. The court therefore finds that the court's dismissal of the charge alleging criminal conduct on May 5, 1993, is dispositive of the charge of domestic violence, a first degree misdemeanor, *Cleveland v. Buchanon* and *State v. Urvan, supra.*

The court must next address whether this disposition and double jeopardy precludes prosecution of Mr. Monk for a felonious assault arising from the same event. The Double Jeopardy Clause to the Fifth Amendment to the United States Constitution, as well as the Ohio Constitution, Section 10, Article I, mandate that no person shall be twice put in jeopardy for the same offense. The Constitution of the United States, Amendment 5, provides that:

"[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

This provision is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 715–716. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction. *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. As a general rule, jeopardy attaches in a jury trial when the jury is sworn, *Sander v. Ohio* (S.D.Ohio

1973), 365 F.Supp. 1251, or, when the trial is to the bench, when the first witness is sworn. *Crist v. Bretz* (1978), 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24.

The Supreme Court in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309, set out the test for determining whether two offenses are the same or are distinguishable for purposes of double jeopardy. The court held:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.*

With respect to Count 1, the indictment charges that the defendant, on May 5, 1993, knowingly caused serious physical harm to Brandy Monk in violation of R.C. 2903.11 (felonious assault). The previous municipal court charge was that on May 5, 1993, the defendant knowingly caused physical harm to "Brandy Monk * * * spouse" in violation of R.C. 2919.25, domestic violence. Consequently, the two charges, while arising from the same acts, require proof of different elements ("spouse" and "serious physical harm").

Since *Blockburger*, the Supreme Court has adopted the "same conduct" test for determining whether double jeopardy exists with respect to multiple prosecutions arising from the same incident. The court in *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, held that where, to establish an essential element of the pending offense, the state must prove conduct that was an offense for which the defendant was already prosecuted, double jeopardy bars the second prosecution. Consequently, in *Grady*, the court held that a second prosecution for reckless manslaughter was barred after the defendant had pleaded guilty two months earlier to misdemeanor traffic violations stemming from the same fatal car accident.

Here the parties agree that the exact same actions constitute the basis for both the domestic violence (misdemeanor) charge and the pending felonious assault charge. While the proof offered at a trial might be different, for instance, of "serious physical harm" as opposed to "physical harm," this is not the critical factor. As the Supreme Court noted in *Grady*, the state cannot avoid the prohibitions of the Double Jeopardy Clause "merely by altering in successive prosecutions the evidence offered to prove the same conduct." *Id.*, 495 U.S. at 522, 110 S.Ct. at 2093, 109 L.Ed.2d at 565. See, also, *Brown v. Ohio* (1977), 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 193–194, in which the Supreme Court held that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he or she has already been tried and acquitted or convicted on the lesser offense. Rather, crucial is whether the conduct in the

misdemeanor case, the assault for which the defendant was prosecuted, is a necessary component of the pending felonious assault charge. Clearly, it is.

Apart from the above considerations attendant to successive prosecutions for the same offense, the question of double punishment must be addressed. Double jeopardy also " 'protects against multiple punishments for the same offense.' " *Brown*, 432 U.S. at 165, 97 S.Ct. at 2225, 53 L.Ed.2d at 194, quoting *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665. As the court in *State v. Urvan* articulated, Ohio's "allied offense statute * * * requires an election between convictions for allied offenses when the state chooses to pursue both. It is not a giant step to impose the same consequences when the election is before conviction." 4 Ohio App.3d at 157–158, 4 OBR at 251, 446 N.E.2d at 1167–68.

Consequently in *Urvan*, the court precluded prosecution after dismissal as a result of successful completion of a diversionary program.

Regardless, then, of whether the dismissal constituted jeopardy, here Mr. Monk has been punished already for the offense. Given the same act and set of facts, the state chose to charge Mr. Monk, a first-time offender, with a misdemeanor and to dispose of the matter through a diversionary program as discussed above. He was effectively punished for the offense by being required to participate in the program, pay for it, and to agree to the disclosure of information which could further incriminate him. In fact, his participation in the AMEND Program, costing him time, exposure and expense, was a prerequisite for the charges being dismissed. To prosecute him again is violative of his right not be twice placed in jeopardy for the same offense.

Mr. Monk effectively having been punished for the offense, the case against Mr. Monk having been dismissed, and Count 1 having arisen from the exact same acts and having been addressed in municipal court, and for the above-stated reasons, the court finds the motion to dismiss Count 1 is well taken and it is granted.

■ With respect to Counts 2 and 3, these counts were not the subject of any agreement with respect to a dismissal, nor was any action taken by Mr. Monk in reliance with respect to Counts 2 and 3, nor was there a trial or other disposition at which jeopardy attached. The court therefore finds that the motion to dismiss with respect to Counts 2 and 3 is not well taken and it is denied.

*So ordered.*