JOURNAL ENTRY AND OPINION
Appellant, the City of Cleveland, appeals from the trial court's order placing appellee, Timothy Kilbane, in a pretrial diversion program. For the following reasons, we dismiss the appeal as moot. Cross-Appellant, Timothy Kilbane, appeals the trial court's denial of his motion to dismiss. We dismiss the cross-appeal as moot.
A complaint was filed against Timothy Kilbane-appellee for Domestic Violence. Appellee moved to dismiss the case because the complaining witness, appellee's wife, did not want to prosecute the matter. This motion was denied.
Over the objection of the prosecutor, the court placed appellee in a pretrial diversion program, known as the Selective Intervention Program (SIP). Appellee would remain in the SIP until February 9, 2000, was required attend two Alcoholics Anonymous meetings a week and participate in the Batterer's Intervention Program.
On February 9, 2000, the municipal court found that appellee had successfully completed the SIP. Over the objection of the prosecutor, the court entered a nolle.
As a preliminary matter, we will address appellee's motion to dismiss the appeal. On March 3, 1999, the appeal was dismissed for failure to file a record. Appellee filed the record to support his cross-appeal on March 9. Subsequently, appellant's motion to reinstate the appeal was granted. In its discretion, this court accepted appellant's excuse for failure to file the record. Appellee moved to dismiss appellant's appeal, because appellant still never filed a record. While all appellants are responsible for filing the record, only a single record needs to be filed. See App.R. 10 (A). This court will not dismiss appellant's appeal for failure to file a record.
 II.
Appellant's assignments of error state:
 THE PLACEMENT OF THE DEFENDANT-APPELLEE INTO THE CLEVELAND MUNICIPAL COURT'S SELECTIVE INTERVENTION PROGRAM (SIP) DISPOSES OF THE CASE AND PREVENTS A JUDGMENT, LEAVING APPELLANT WITHOUT A REMEDY, THEREFORE, THE SIP PLACEMENT IS A FINAL APPEALABLE ORDER.
 THE TRIAL COURT ERRED WHEN IT PLACED THE DEFENDANT-APPELLEE INTO THE SIP PRE-TRIAL DIVERSION PROGRAM.
When the briefs were filed in this appeal, appellee had not yet successfully completed the SIP. Subsequently, appellee filed a motion to supplement the record, indicating that the trial court found appellee in full compliance and entered a nolle. The appeal can not be dismissed for lack of a final order.
The record reflects that appellee completed all the requirements and the trial court dismissed the case. This court can no longer afford any relief to the prosecution. Double jeopardy prohibits further prosecution. See State v. Monk (1994),64 Ohio Misc.2d 1; State v. Urvan (1982), 4 Ohio App.3d 151.
 No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." Miner v. Witt
(1910), 82 Ohio St. 237, 92 N.E. 21, syllabus.
Tschantz v. Ferguson (1991), 57 Ohio St.3d 131, 133. Because no relief can be afforded to the prosecution, this appeal is moot.
Accordingly, appellant's appeal is dismissed as moot.
 II.
Cross-appellant's, Timothy Kilbane's, sole assignment of error states:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLEE'S MOTION TO DISMISS.
The trial court has nolled and dismissed the case, so there is no justiciable controversy as to whether the trial court erred in denying Kilbane's motion to dismiss.
Accordingly, the cross-appeal is dismissed as moot.
It is ordered that appellee and appellant split the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
O'DONNELL, J., AND SPELLACY, J., CONCUR.
 ________________________ ANN DYKE ADMINISTRATIVE JUDGE