LANE et al., Appellants,

v.

PHILLABAUM et al., Appellees.

[Cite as *Lane v. Phillabaum*, 182 Ohio App.3d 145, 2008-Ohio-2502.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2007–09–217.

Decided May 27, 2008.

Brannon & Associates and Douglas D. Brannon, for appellants.

McGowan & Jacobs, L.L.C., and Jack C. McGowan, for appellees.

MARK P. PAINTER, Presiding Judge.

{¶ 1} A pretrial diversion program provides "a form of rehabilitation in lieu of conviction and sentence."[1] Eligible defendants participate in a short-term period of supervision and complete other requirements. It is a privilege extended by the court to help a defendant avoid a conviction of record and future arrest.[2] This is usually regarded as a beneficial arrangement for college students who will someday apply for jobs.

{¶ 2} But in this case, the plaintiffs-appellants ("the students")—all college students charged with alcohol-related criminal offenses who had agreed to enter a pretrial diversion program in Butler County Area I Court—filed suit against various parties after successfully completing the program.

{¶ 3} The students appeal the denial of their motion for summary judgment and the entry of summary judgment for the defendants-appellees, the Butler County Prosecutor and an assistant prosecutor, several Butler County courts and employees, and not-for-profit organizations that provided alcohol counseling ("Butler County"). They argue that the pretrial diversion program violated Ohio law because they had been charged unlawful fees and because of a breach of contract. They also assert that they were deprived of equal protection under the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. They further maintain that the diversion program violated R.C. 2935.26 and that it deprived them of property and liberty interests without due process of law. And they insist that the trial court erred in denying their motion to temporarily

1. *Cleveland v. Mosquito* (1983), 10 Ohio App.3d 239, 240, 10 OBR 334, 461 N.E.2d 924.

2. Id.

unseal their records and those of others who had completed the pretrial diversion program and who may wish to join a proposed class.

## I. The Pretrial Diversion Program

{¶ 4} Spencer Lane and 24 other Miami University students received citations for misdemeanor criminal offenses that included possession or consumption of alcohol, public intoxication, and possession of false identification. Some of them were represented by counsel. They all voluntarily accepted an offer from the Butler County Prosecutor to enter the pretrial diversion program. Each pleaded guilty and agreed to pay court costs, complete 30 hours of community service, attend a two-day alcohol-education program, and contribute $100 to the Law Enforcement Trust Fund or the Respect for Law Camp. In exchange, the trial court agreed not to enter their guilty pleas, to dismiss their cases, and to seal their records. The students also waived their trial rights and "all constitutional and statutory defenses in this case."

{¶ 5} The students complied with the terms of their agreements and successfully completed the diversion program. The Area I court dismissed their charges and sealed their records.

## II. Summary–Judgment Standard

{¶ 6} To grant summary judgment, the trial court must determine that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion that is adverse to the party against whom the motion is made.[3] The moving party must specifically point to something in the record that comports with the evidentiary requirements of Civ.R. 56(C) and that supports the entry of judgment as a matter of law.[4] The students failed to do that in this case.

## III. A Court May Implement a Pretrial Diversion Program in Ohio

■ {¶ 7} At the heart of the students' claim is the issue of whether a county court may implement a pretrial diversion program in Ohio. The students argue that pretrial diversion programs that had not been grandfathered in by statute are governed by R.C. 2935.36. The statute enables prosecuting attorneys to establish pretrial diversion programs "pursuant to written standards approved by journal entry by the presiding judge."

---

3. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

4. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 8} The students argue that "defendants [Butler County Prosecuting Attorney], et al. are responsible for all aspects of said pretrial diversion program(s) including but not limited to their establishment, use, supervision and collection/disbursement of all funds." The students contend that the Butler County pretrial diversion program had been established by the prosecuting attorney because the prosecuting attorney had offered the students the opportunity to participate in the program in a conference held without the presiding judge, and that the students were not required to appear in court for a formal dismissal of their cases. Further, the students contend that the program violates R.C. 2935.36 because (1) Butler County did not produce written standards for the program during discovery, (2) the standards were not approved in a journal entry by the presiding judge, and (3) the fees and donations that the students were ordered to pay were not allowed under the statute. But the only evidence in the record shows that the court, not the prosecutor, had established the program.

{¶ 9} In their answers to interrogatories, the prosecuting attorney and the assistant prosecutor said that they had no knowledge that the prosecuting attorney had established the pretrial diversion program. Assistant Prosecutor Jason Phillabaum stated, "Judge Lyons has established written standards for the pretrial diversion program in Butler County Area I Court and those standards are contained within the exhibit attached to plaintiff's complaint." That exhibit was a copy of the "contract" signed by the students, which contained the terms of their agreements. None of the parties who were served with written interrogatories were involved with the establishment of the pretrial diversion program. The record shows that the program was established during the term of Judge Oney. (Judge Oney was the predecessor of Judge Lyons, the current judge.) On each pretrial diversion contract signed by the students, Judge Lyons's name appears. We do not know why the students did not serve interrogatories on either of the judges to inquire about the establishment of the program. That the students asked the wrong parties for information about the program—parties with no knowledge about the establishment of the program—did nothing to satisfy their burden to prevail under Civ.R. 56.

{¶ 10} R.C. 2935.36 states that a prosecuting attorney *may* establish a pretrial diversion program. It does not state that *only* a prosecuting attorney may do so. In *Cleveland v. Mosquito*, the Eighth Appellate District concluded that the legislature intended to give the prosecutor "discretion whether or not to prosecute a defendant who might be eligible for the pretrial intervention program." [5] The court also held that R.C. 2935.36 did not "vest exclusive authority in the

---

5. *Mosquito*, 10 Ohio App.3d at 239, 10 OBR 334, 461 N.E.2d 924.

prosecuting attorney in diversionary programs in Ohio." Thus, while a prosecuting attorney may establish a pretrial diversion program, a court may also do so.

{¶ 11} The Ohio Supreme Court—not the General Assembly—has authority to establish rules governing the courts.[6] The Ohio Constitution provides that the "Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right." Courts may adopt additional rules concerning local practice in their respective courts as long as such rules are not inconsistent with the rules promulgated by the Ohio Supreme Court.[7]

{¶ 12} The court in *Mosquito* likened pretrial diversion programs to a quasi-judicial function. The pretrial diversion program in *Mosquito* was established by the municipal court. Its procedure called for the judge to recommend a defendant for entry into the program and to decide whether a defendant had successfully completed it. In R.C. 2935.36, the legislature endowed prosecuting attorneys with discretion whether to prosecute a defendant who might be eligible for a pretrial diversion program. The question in *Mosquito* was whether the authority provided by R.C. 2935.36 to establish a pretrial diversion program allowed a prosecutor to withdraw the offer of diversion at any time during the process. The court stated that the decision to divert could be considered a "quasi-judicial function" because it was tantamount to pretrial probation.[8] The students' argument that R.C. 2935.36 takes away the court's power to adopt rules is not persuasive. They point to no authority that has interpreted the statute in this way.

### IV. Ohio Recognizes Separation of Powers

{¶ 13} Ohio recognizes the separation of powers between its three branches of government.[9] The Ohio Constitution limits the legislature's judicial power in Section 32, Article II, which states, "The general assembly shall grant no divorce, nor exercise any judicial power not herein expressly conferred." R.C. 2935.36 allows a prosecuting attorney—a member of the executive branch of the government—to establish a pretrial diversion program. The students do not challenge the constitutionality of the statute on grounds that it is a violation of

---

6. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

7. Section 5(B), Article IV, Ohio Constitution.

8. *Mosquito*, 10 Ohio App.3d at 240, 10 OBR 334, 461 N.E.2d 924.

9. *Sheward*, 86 Ohio St.3d at 462, 715 N.E.2d 1062.

separation of powers because it grants authority to a member of the executive branch.

{¶ 14} We emphasize that the reason that this program does not violate the statute is because it was established by the court, rather than the prosecutor, and thus is not governed by the statute. Any pretrial diversion program established by a prosecutor after R.C. 2935.36 was enacted in 1978 must comport with the statute. (All programs created before 1978 were grandfathered in by the language of the statute.)

{¶ 15} The students have not pointed to anything specific in the record that shows that the Butler County prosecuting attorney, rather than the Area I Court, established this pretrial diversion program. Because the program is not governed by R.C. 2935.36, the students' claim that their rights to equal protection and due process under the Ohio Constitution and the United States Constitution have been violated has no merit. We affirm the trial court's entry of summary judgment for Butler County and the denial of the students' summary-judgment motion.

{¶ 16} Our decision makes the students' final assignment of error, contesting the trial court's refusal to unseal records, moot.

## V. Looking Forward

{¶ 17} The students all have received the benefits of their agreements—none of them will have an arrest on their record because they participated in the diversion program. If they had wished to change their agreement with the county, they should have done so at the time of the proceedings rather than after their records had been cleared. It is too late now for the students to complain about their treatment.

{¶ 18} But it was improper for the court to order the students to make donations to a particular charity or nonprofit organization. R.C. 2949.11 states, "[A]n officer who collects a fine shall pay it into the treasury of the county in which such fine was assessed." In this case, the students had to "donate" $100 to either the Law Enforcement Trust Fund or the Respect for Law Camp rather than paying a fine into the county treasury.

{¶ 19} In State v. Short, the Twelfth Appellate District decided a case that had been appealed from the Butler County Common Pleas Court.[10] The defendant in Short was ordered to pay $4,000 to a county agency that worked to improve prosecutions for child abuse. The Twelfth Appellate District vacated that part of the defendant's sentence. Citing R.C. 2949.11, the court determined that the

---

10. (July 6, 1992), 12th Dist. No. CA91–04–066, 1992 WL 158413.

common pleas court did not have the authority to order the defendant to make a donation to a county agency because any payment had to have been made to the county treasury. Under *Short*, the court in this case had no authority to order the students to donate $100 to either the Law Enforcement Trust Fund or the Respect for Law Camp.

{¶ 20} Although it is too late for the students to ask for their money back, we caution the Butler County courts that, in the future, participants in the diversion program cannot be ordered to make a donation to a fund.

{¶ 21} Furthermore, we encourage Butler County to comply with R.C. 2935.36. In this case, the students failed to show that the program was established and operated out of the prosecutor's office, rather than the court. But if they had produced sufficient evidence to show that the program was a product of the prosecutor rather than the court, we would have concluded that the program was governed by the statute and that the program failed to comply with the statute.

{¶ 22} Pretrial diversion programs established by prosecutors that are not grandfathered in must comply with R.C. 2935.36. And this program would have been deficient under the statute.

{¶ 23} First, the "donations" to the two funds, in addition to being improper under R.C. 2949.11, would have been impermissible under R.C. 2935.36. The prosecutor may only require the offender to pay a "reasonable fee for supervision services that include, but are not limited to, monitoring and drug testing." A donation to any fund is not a supervision service. Participants may only be charged for what it reasonably costs the county to supervise them. Supervision services also include payment for drug- and alcohol-education programs, as the participants are supervised by staff while attending those programs.

{¶ 24} Second, any pretrial diversion program under R.C. 2935.36 must "be operated pursuant to written standards." The program at issue in this case had no written standards. At the very least, it appears that written standards should describe criteria for eligibility for the program and should detail the responsibilities of both the offender and the prosecutor.

{¶ 25} The students' criminal cases were over when their cases were dismissed.[11] There is no going back once a case is dismissed.[12] But in the future, we suggest that any pretrial diversion program, even one operated by the court, should comply with the statute. This safeguards the rights of the defendants— and prosecutorial discretion.

---

11. *State ex rel. Douglas v. Burlew,* 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, at ¶ 13.

12. *State ex rel. Flynt v. Dinkelacker,* 156 Ohio App.3d 595, 2004-Ohio-1695, 807 N.E.2d 967.

{¶ 26} For the foregoing reasons, we affirm the trial court's entry of summary judgment.

Judgment affirmed.

DINKELACKER and WINKLER, JJ., concur.

PAINTER and DINKELACKER, JJ., of the First Appellate District, sitting by assignment.

WINKLER, J., retired, of the First Appellate District, sitting by assignment.