[Cite as *Cleveland v. McCruel*, 2017-Ohio-182.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103971**

# CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

# BRIAN McCRUEL

DEFENDANT-APPELLEE

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2014-CRB-003318

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 19, 2017

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Law Director
City of Cleveland

Verlinda L. Powell
Assistant City Prosecutor
The Justice Center
1200 Ontario St.
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Michael V. Heffernan
John T. Martin
Assistant Public Defenders
310 Lakeside Ave., Suite 200
Cleveland, OH 44113

TIM McCORMACK, P.J.:

{¶1}  The city of Cleveland appeals from a judgment of the Cleveland Municipal Court that dismissed this domestic violence case against appellee Brian McCruel for want of prosecution.   For the following reasons, we dismiss the city's appeal as both untimely and moot.

{¶2} This case has a highly unusual procedural history.   McCruel was placed by the trial court in the Deferred Judgment Program ("DJP"), a diversion program available for offenders in the municipal court's special domestic violence docket who are deemed unlikely to engage in future acts of violence.   From what we can discern from the record before us, there appears to be a difference of approach between the trial judge originally assigned to this case and the city's prosecutor regarding the nature of the DJP.   The dispute concerned the relative authority of the court and the prosecutor's office to effect the placement of a defendant in the DJP.   The city's prosecutor maintained that only the prosecutor had the power to place a defendant in the program and to discharge the defendant upon the defendant's successful completion of the program.   The trial judge assigned to this case believed the court possessed the power to place a defendant as well. McCruel found himself ensnarled in the conflict between the two.    We decline to weigh in on this issue.   Rather, we limit our review to the anomaly in the procedural history of McCruel's case.

**Cleveland Municipal Court's DJP For Domestic Violence Offenders**

**{¶3}** The Cleveland Municipal Court's DJP is established pursuant to R.C. 2935.36.   The statute ("Pre-trial diversion programs for certain offenders") governs the establishment of pretrial diversion programs.   Section (A) of the statute states:

> The prosecuting attorney may establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again. The prosecuting attorney may require, as a condition of an accused's participation in the program, the accused to pay a reasonable fee for supervision services that include, but are not limited to, monitoring and drug testing.   The programs shall be operated pursuant to written standards approved by journal entry by the presiding judge * * *.

Under, R.C. 2935.36(B), "[a]n accused who enters a diversion program shall do all of the following:

(1) Waive, in writing and contingent upon the accused's successful completion of the program, the accused's right to a speedy trial, the preliminary hearing, *** and arraignment, unless the hearing, * * * or arraignment has already occurred;

(2) Agree, in writing, to the tolling while in the program of all periods of limitation established by statutes or rules of court, that are applicable to the offense with which the accused is charged and to the conditions of the diversion program established by the prosecuting attorney;

(3) Agree, in writing, to pay any reasonable fee for supervision services established by the prosecuting attorney."

Section (D) of the statute states:

> If the accused satisfactorily completes the diversion program, the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges. If the accused chooses not to enter the prosecuting attorney's diversion program, or if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law, and the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation.

{¶4} The statute permits the county prosecutor to operate a pretrial diversion program pursuant to written standards approved by the court. *State v. Battersby*, 11th Dist. Lake No. 2007-L-023, 2008-Ohio-836, ¶ 17. Under R.C. 2935.36(D), "a defendant's successful completion of a diversion program shall result in a recommendation by the prosecutor of a nolle prosequi of the charges against him, and the acceptance of that recommendation by the court." *Id.* at ¶ 16, citing *Daher v. Cleveland*, 8th Dist. Cuyahoga No. 48579, 1985 Ohio App. LEXIS 7511, 5 (Mar. 5, 1985).

{¶5} In 2007, the Cleveland Municipal Court established a written standard for the DJP as a pretrial program for domestic violence offenders who have a discernibly low risk of additional abusive behavior. Under the program, the defendant's request to enter the program should be voluntary and in writing. The defendant's application for placement in the program will then be evaluated by the prosecutor. If the defendant is recommended by the prosecutor and if the court accepts the prosecution's recommendation, the defendant's not-guilty plea will be withdrawn and the court shall accept the defendant's proffer of a guilty plea in its place. The case shall then be

continued to a date no later than one year from the date the court accepts the prosecutor's recommendation of deferral. Upon successful completion of the DJP, the prosecuting attorney shall move the court to vacate the defendant's previously entered guilty plea and for the entry of a nolle prosequi on the charge(s) against the defendant.[1]

{¶6} As reflected in the following procedural history of this case, McCruel was placed by the trial judge in the DJP *after* the trial of his domestic violence case, not through his own application pursuant to the written guidelines.

**Procedural History and Appeal of the Instant Case**

{¶7} On February 10, 2014, McCruel was charged with domestic violence. The case was assigned to a judge in the Cleveland Municipal Court's domestic violence docket. At the time, the defendant was already participating in the municipal court's Selective Intervention Program ("SIP"), a diversion program for first time offenders. He was placed in the SIP due to a petty theft charge.

{¶8} McCruel pleaded not guilty to the domestic violence charge. On July 1, 2014, he was tried to the bench for the offense. Throughout the bench trial, the trial judge expressed a desire to place McCruel in the DJP, noting that the victim did not wish to pursue a conviction. The prosecutor objected strenuously on the ground that McCruel was not a first-time offender due to the petty theft charge. At the completion of the trial, the trial court made the following remark, "I don't know. I mean you are

---

[1] *See* Cleveland Municipal Court Dedicated Domestic Violence Docket Standard V. — Deferred Judgment Program.

guilty, but I don't know.  I don't know. * * *."   Rather than rendering a finding of guilty or not guilty, the court placed McCruel in the DJP, over the prosecutor's objection.  On the same day, the trial court issued a judgment entry placing McCruel in the DJP.

{¶9}   McCruel participated in a domestic intervention and education program for the next 12 months as part of his DJP, and he successfully completed all the requirements.  He also completed the SIP for his petty theft offense.

{¶10} More than a year after the initial trial, on August 4, 2015, the trial judge held a hearing over this matter.   The trial judge again clashed with the prosecutor over McCruel's placement in the DJP.   The trial judge intended to dismiss the case based on McCruel's successful completion of the DJP, while the prosecutor strenuously objected to the nolling of the domestic violence charge despite McCruel's completion of the DJP. The matter remained unresolved.

{¶11} On August 31, 2015, the prosecutor submitted a brief arguing against the nolling of McCruel's domestic violence charge.   On that day, the trial judge held another hearing over the matter.   The prosecutor refused to enter a nolle prosequi. Consequently, the trial judge declined to make any further ruling on this case and recused herself from the case.

{¶12} The Administrative Judge of the municipal court reassigned the case to another judge.   The second assigned judge determined that he was unable to render a verdict based on the record, and recused himself as well.   On November 19, 2015, the Administrative Judge took over the case and   issued a Findings of Fact and Conclusions

of Law in this case, concluding manifest necessity existed to justify a declaration of a mistrial in this case, citing the following reasons: (1) a year has passed since the trial; (2) the original judge who conducted the trial was unavailable to complete the proceeding; (3) the complaining witness was reluctant to testify during the trial; and (4) the defendant had successfully completed all of the conditions of the DJP.

{¶13} Before making a final ruling, the Administrative Judge ordered the parties to brief the issues of whether a mistrial should be declared and, if a mistrial was declared, whether McCruel should be retried on the domestic violence charge. In the brief, the prosecutor objected to a declaration of mistrial, requesting the trial court to either (1) acknowledge that a guilty verdict had been rendered after trial on July 1, 2014, or (2) render a verdict based on the existing record. The prosecutor in addition argued that, should a mistrial be declared, double jeopardy would not attach and McCruel should be retried.

{¶14} On December 14, 2015, the court held a hearing and declared a mistrial in this case over the prosecutor's objection. The court, however, concluded that a retrial was warranted under Crim.R. 25 ("Disability of a judge"). The trial court set the matter for trial on December 23, 2015. On that scheduled trial date, the prosecutor informed the trial court the city was not prepared to go forward and requested the matter be dismissed without prejudice. The trial court dismissed the case for want of prosecution, with prejudice.

**{¶15}** The city now appeals from the trial court's judgment dismissing the case for prejudice. The two assignments of error raised by the city state:

1. The trial court abused its discretion when it declared a mistrial in this case.

2. The trial court erred when it dismissed this case with prejudice when there was no finding that appellee had been deprived of his constitutional or statutory rights.

**{¶16}** Under the first assignment of error, the city raises two issues. First, the city claims that the court violated the doctrine of separation of powers by interfering with the city's ability to prosecute this case when the court of its own volition placed McCruel on the DJP on July 1, 2015. McCruel, through the public defender's office, filed a "Motion to Dismiss as Untimely and Moot," in which he argues the trial court's judgment on July 1, 2015, placing him in the DJP was a final appealable order and the city cannot belatedly challenge that order. We will resolve this issue first.

**Whether the Court's Order Placing McCruel in the DJP was a Final Appealable Order**

**{¶17}** R.C. 2505.02 governs final appealable orders. It states that an order is a final order that may be reviewed, affirmed, modified, or reversed when it is an order that "affects a substantial right made in a special proceeding." R.C. 2502.02(B)(2).

**{¶18}** R.C. 2505.02(A)(2) defines a "special proceeding" as "an action or proceeding that is specially created by statute." *See also Polikoff v. Adam*, 67 Ohio St.3d 100, 616 N.E.2d 213 (1993) (a "special proceeding" is an action created by statute and not recognized in common law or in equity). A "substantial right" is a legal right

that is enforced and protected by law.   *State v. Coffman*, 91 Ohio St.3d 125, 742 N.E.2d 644 (2001).

**{¶19}** Our research does not disclose cases addressing the issue of whether a trial court's order placing a defendant in a pretrial diversion program pursuant to R.C. 2935.36 is a final appealable order.   Our research, however, reveals several cases involving R.C. 2951.041 ("Intervention in lieu of conviction"), a statute that also authorizes pretrial diversion programs.[2]     In *State v. Fisher*, 3d Dist. Seneca No. 13-97-40, 1998 Ohio App. LEXIS 1811 (Apr. 21, 1998), a defendant who was charged with grand theft requested a placement in a treatment program in lieu of conviction pursuant to R.C. 2951.041. The trial court found the defendant eligible and placed him in a rehabilitation program, staying all criminal proceedings.   The state appealed that order, arguing the order was a final appealable order because it "affects society's   substantial right to effectively enforce its criminal laws and curtails the state's ability to prosecute felony violations of law."   The Third District determined the order was a final appealable order.

**{¶20}** Similarly, in *State v. Casto*, 12th Dist. Clermont No. CA2008-08-033, 2009-Ohio-791, a defendant charged with a drug offense applied to be placed in an

---

[2]R.C. 2951.041 governs intervention in lieu of conviction.   Under the statute, if an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction.   Upon an offender's application, the offender would plead guilty, and, if the court grants the application, the court would hold the guilty plea in abeyance pending the defendant's participation in the intervention in lieu of conviction program. Upon a successful completion of the program, the criminal proceedings against the offender will be dismissed and the court shall dismiss the proceedings against the offender.

intervention program in lieu of conviction pursuant to R.C. 2951.041. After a hearing, the trial court found him eligible under the statute and granted his request, staying further criminal proceedings. The Twelfth District, citing *Fisher,* likewise determined the trial court's order granting the defendant's request for intervention in lieu of conviction was a final appealable order. It reasoned that the order of deferral to intervention affected the substantial right of the state to prosecute its criminal cases and was thus subject to immediate appellate review under R.C. 2505.02.

{¶21} Here, the trial court's placement of McCruel in the DJP was anomalous, to say the least. The trial court placed McCruel in the DJP when McCruel did not request the deferral and had in fact already been tried, over the prosecutor's objection that McCruel was not eligible. Similar to a deferral to intervention in lieu of conviction governed by R.C. 2951.041, the placement in the DJP related to a special proceeding, because the DJP was established pursuant to R.C. 2935.36. The question is then whether a substantial right is affected under R.C. 2505.02. Under both the statute and the municipal court's written standard, when a defendant successfully completes the program, the criminal proceedings against the defendant must be dismissed. Thus, the court's July 1, 2014 order affected the state's substantial right to complete its prosecution of McCruel in this criminal matter. It is therefore a final appealable order pursuant to *Fisher* and *Casto*.[3]

---

[3] In *Casto*, the Twelfth District distinguished the following cases where the appellate court determined that the trial court's order granting intervention in lieu of conviction pursuant to R.C. 2951.041 was not a final appealable order. In *State v. Chalender*, 99 Ohio App.3d 4, 649 N.E.2d

**{¶22}** Under the first assignment of error, the city claims the court interfered with the city's ability to prosecute this case in violation of the separation of powers doctrine. Having determined the court's July 1, 2014 order was a final appealable order, we will not entertain the city's belated claim relating to that order.

## McCruel's Completion of the DJP Rendered the City's Remaining Claim Moot

**{¶23}** The city raises two additional claims in this appeal: under the first assignment of error, the city also argues the trial court abused its discretion when it declared a mistrial instead of using a less extreme alternative; under the third assignment of error, the city argues the trial court erred when it dismissed the case with prejudice.

**{¶24}** "[S]uccess in a diversion program is the constructive equivalent of serving a sentence for the crime charged." *State v. Urvan*, 4 Ohio App.3d 151, 157, 446 N.E.2d 1161 (8th Dist.1982) (under double jeopardy, the defendant may not be prosecuted for grand theft after he had completed a diversion program for an allied offense of receiving stolen property). In *Cleveland v. Kilbane*, 8th Dist. Cuyahoga No. 75942, 2000 Ohio App. LEXIS 923 (Mar. 9, 2000), the trial court placed the defendant in the pretrial diversion program SIP over the prosecutor's objection. The prosecutor appealed the

---

1254 (2d Dist.1994), the trial court *denied* the defendant's request for treatment in lieu of conviction. The Second District concluded the court's order was not finable appealable reasoning that the order did not affect the defendant's substantial right because the defendant could challenge the pretrial order denying placement on his appeal from a subsequent conviction. In *State v. Dempsey*, 8th Dist. Cuyahoga No. 82154, 2003-Ohio-2579, the defendant, after requesting intervention, challenged the trial court's imposition of the requirements under the intervention program as being too onerous. This court found the trial court's order did not affect the defendant's substantial right. We also find these two cases distinguishable from the instant case.

court's decision, but while the appeal was pending the defendant completed the diversion program. This court held that once the defendant completed all the requirements, no relief could be afforded to the prosecution on double jeopardy grounds, and therefore, the appeal was moot.

**{¶25}** In this appeal, the city raises three issues. Its claim regarding the trial court's order placing appellant in the DJP is untimely. The other two issues are moot because appellant has fulfilled all requirements in the diversion program. For these reasons, we grant appellee's motion to dismiss the appeal as untimely and as moot.

**{¶26}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR