[Cite as *Cleveland v. Hall*, 2026-Ohio-123.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND, :

    Plaintiff-Appellant, :

                               No. 115143

    v. :

SHARDH M. HALL, :

    Defendant-Appellee. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 15, 2026

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2025-CRB-000004

---

***Appearances:***

Mark Griffin, Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecutor, and Angel Sanchez, Assistant Prosecutor, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell-Sacks, Assistant Public Defender, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant City of Cleveland ("Cleveland" or "the City") appeals a judgment of the Cleveland Municipal Court that placed defendant-appellee Shardh

M. Hall ("Hall") into a selective intervention program. Cleveland claims the following error:

> The trial court erred by placing defendant-appellee with a violent offense into the SIP diversion program.

We find that the trial court violated the separation-of-powers doctrine by placing Hall in the selective intervention program over the prosecutor's objection. We, therefore, reverse the trial court's judgment and remand the case to the trial court for further proceedings.

## I. Law and Analysis

{¶ 2} In January 2025, Hall was charged with one count of assault, an offense of violence, in violation of Cleveland Cod.Ord. ("CCO") 621.03, a first-degree misdemeanor. The complaint alleged that, on or about December 31, 2024, Hall approached her partner's boss with a crowbar, grabbed her by the throat, and caused lacerations on her neck that were visible to police. Shortly after Hall was arraigned, her trial counsel asked the court to refer Hall to a selective intervention program, a diversion program in the Cleveland Municipal Court. The City objected to the request on grounds that Hall was charged with a violent offense and R.C. 2935.36 provides that violent offenses are not eligible for diversion programs. The trial court referred Hall to the probation department to determine her eligibility over the City's objection.

{¶ 3} The probation department advised the court that Hall was eligible for the pretrial diversion program but it did not recommend Hall for placement in the

program because of the nature of the offense. (Feb. 11, 2025, tr. 3; Apr. 24, 2025, tr. 2.) The trial court placed Hall in the diversion program despite the City's objection and the probation department's recommendation that Hall should not be placed in the diversion program. The City advised the court that it would appeal the trial court's decision and requested a stay so that the appeal would not be rendered moot by completion of the program. The trial court granted the stay. The City now appeals the trial court's judgment placing Hall in the pretrial diversion program.

## II. Law and Analysis

### A. Final Appealable Order

{¶ 4} The Ohio Constitution limits appellate jurisdiction to the review of final judgments. Ohio Const., art IV, § 3(B)(2). "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 2005-Ohio-1841, ¶ 6 (8th Dist.). Therefore, before addressing the merits of the appeal, we must first determine whether the judgment under review is a final, appealable order.

{¶ 5} R.C. 2505.02 governs final appealable orders and states that an order is a final order that may be reviewed, affirmed, modified, or reversed if, as relevant here, it is an order that "affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2). The Ohio Supreme Court has held that a trial court's judgment is a final, appealable order under R.C. 2505.02(B)(2) if it (1) was made at a special proceeding, (2) affects a substantial right, and (3) effectively forecloses the party's

ability to protect the substantial right without immediate appellate review. *Thomasson v. Thomasson*, 2018-Ohio-2417, ¶ 11.

{¶ 6} R.C. 2505.02(A)(2) defines the term "special proceeding" as an action or proceeding that was specially created by statute and was not in existence at law or equity prior to 1853. The trial court referred Hall to a pretrial diversion program created pursuant to R.C. 2935.36. It is, therefore, a special proceeding created by statute.

{¶ 7} A "substantial right" is a legal right that is enforced and protected by law. *Cleveland v. McCruel*, 2017-Ohio-182, ¶ 18, citing *State v. Coffman*, 91 Ohio St.3d 125 (2001). The State has a substantial right to prosecute criminal cases. *State v. Casto*, 2009-Ohio-791, ¶ 10 (12th Dist.); *State v. Fisher*, 1998 Ohio App. LEXIS 1811 (3d Dist. Apr. 21, 1998). Therefore, the trial court's order placing Hall in the pretrial diversion program affects the City's substantial right to prosecute its case against her. Indeed, when a defendant successfully completes the City's pretrial diversion program, the criminal proceedings against the defendant must be dismissed, and the City would not be able to protect its right to prosecute Hall absent immediate appellate review. Therefore, the trial court's judgment placing Hall in the pretrial diversion program is a final, appealable order. *McCruel* at ¶ 21.

## B. Separation of Powers

{¶ 8} In its sole assignment of error, the City argues the trial court violated the separation-of-powers doctrine by placing an alleged violent offender in a pretrial diversion program over the prosecutor's objection and in violation of R.C. 2935.36.

{¶ 9} R.C. 2935.36 authorizes prosecuting attorneys to establish pretrial diversion programs "for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again." R.C. 2935.36(A). However, the pretrial diversion programs are to be operated pursuant to written standards approved by the court. R.C. 2935.36(A). Thus, in *Cleveland v. Mosquito*, 10 Ohio App.3d 239, 241 (8th Dist. 1983), we explained that both the court and the city prosecutor must collaborate in implementing the pretrial diversion program.

{¶ 10} In *Mosquito*, we observed that although the probation department and prosecutor are involved in the program, "it is the municipal judge who recommends a defendant for entry into the program, and it is the municipal judge who determines whether the defendant has successfully completed the program." *Id*. However, we also found that R.C. 2935.36 vests the prosecutor with discretion regarding whether or not to prosecute a defendant who might be eligible for the pretrial diversion program. *Id*. Thus, the program requires that judges and the prosecutors "work together rather than viewing the program as the exclusive domain of one or the other branch of the municipal government." *Id*. And because the program requires cooperation, not usurpation, between the branches of government, we found that a referral to the pretrial diversion program, which could result in the dismissal of the charges, "can be entered only with the affirmative consent of the prosecution." *Id*. *See also State v. Curry*, 134 Ohio App.3d 113, 118 (9th Dist. 1999), citing *Ontario v. Shoenfelt*, 1985 Ohio App. LEXIS 6795 (5th Dist.

July 30, 1985) ("The trial court violated the constitutional concept of separation of powers . . . when it took the administrative and executive decision of whether to prosecute away from the prosecuting attorney and terminated the criminal prosecution without the consent of the prosecutor.").

{¶ 11} In this case, the City prosecutor did not consent to the pretrial diversion program. To the contrary, the prosecutor objected to the referral in this case. Without the prosecutor's consent, the municipal court judge lacked authority to refer the case to the pretrial diversion program. Indeed, Hall concedes this error. Therefore, the trial court violated the separation-of-powers doctrine when it placed Hall in a pretrial diversion program over the prosecutor's objection. The sole assignment of error is sustained.

{¶ 12} Judgment reversed, and case remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR